CHARLES R. REECE v. DURHAM COCA-COLA BOTTLING COMPANY.

(Filed 6 November, 1929.)

**Food A a—In this action to recover damages for foreign substance in bottled drink plaintiff's evidence held insufficient.**

In his action to recover damages resulting from foreign and deleterious substances in a bottled drink the burden is on the plaintiff to show the presence of foreign or deleterious substances therein, and where the plaintiff's evidence is to the effect that he swallowed something and spit, and that where he spit a fly was immediately found, but that he could not swear that the fly was ever in his mouth, with evidence of another witness that he had found a substance in a drink bottled by the defendant, but could not swear in what year he found it, the plaintiff's evidence is too vague and indefinite to establish the defendant's negligence, and his motion as of nonsuit should have been granted.

CIVIL ACTION, before *Sinclair, J.,* April Term, 1929, of GRANVILLE.

The plaintiff alleged "that on the morning of 8 July, 1926, plaintiff entered the store of said C. H. Breedlove in the town of Oxford, and purchased a bottled coca-cola, which had been bottled and distributed by the defendant; that while plaintiff was engaged in drinking said bottled coca-cola, and after he had drunk about all of the contents of said bottle he discovered something hard in his mouth; that he immediately spat out what was in his mouth, and upon examination discovered that it was a large green bottle fly, which had entered plaintiff's mouth with the other contents of said bottle." Plaintiff further alleged that by reason of the presence of said fly in the beverage he became sick and was unable to eat for several days.

Issues were submitted to the jury and answered in favor of plaintiff. The verdict awarded damages in the sum of $50. The defendant offered no evidence.

From judgment upon the verdict defendant appealed.

*No counsel for plaintiff.*
*Brawley & Gantt for defendant.*

BROGDEN, J. Plaintiff testified: "I was talking with Mr. Lanier while I was drinking. I swallowed something and spit, but don't know what it was. It scratched like a piece of trash. As soon as that hit my throat I spit the balance on the floor. I knew I swallowed something, but I did not feel anything else in my mouth. I did not feel the fly in my mouth. I would not swear that it was ever in my mouth."

There was uncontradicted evidence that at the place on the floor where plaintiff spit a fly was immediately found. However, it is apparent that plaintiff's own narrative fails to disclose the actual presence of a fly in the beverage.

Plaintiff offered the testimony of a witness who stated that he discovered something in a bottle once or twice "while working in a filling station that sold beverage bottled by the defendant." Witness further testified: "I know almost that it was in 1926 that I found the substance in the bottle, but I do not know entirely, and I would not swear to it. . . . I would not swear that it was 1926 or 1927 when I found that substance in the bottle." . . .

This evidence was too vague and indefinite to establish negligent default.

The law imposed upon the plaintiff the burden of offering evidence tending to show the presence of foreign and deleterious substance in the beverage. The principle was thus stated in *Perry v. Bottling Co.,* 196 175, 145 S. E., 14. "It is settled law in this jurisdiction that the principle of *res ipsa loquitur* does not apply to personal injury occasioned by bursting bottles or from eating food alleged to be unwholesome, or for partaking of a bottled beverage when there is no evidence tending to show negligence in the preparation of the food or beverage and no deleterious or harmful substance is found therein." *Lamb v. Boyles,* 192 N. C., 542, 135 S. E., 464.

We are of the opinion that the motion for nonsuit should have been allowed.

Reversed.