C. R. HOWARD, JR., v. THE TEXAS COMPANY, E. G. LEE, AND NORTH CAROLINA OIL COMPANY.

(Filed 28 June, 1933.)

1. **Negligence A e—Res ipsa loquitur held to apply to explosion in tanks or pipes of filling station under exclusive control of defendants.**

   The fact of an explosion in the tanks or gasoline pipes of a filling station under the exclusive control and operation of defendants is sufficient to invoke the doctrine of *res ipsa loquitur,* and overrule defendant's motion as of nonsuit in plaintiff's action to recover for property damage resulting therefrom, leaving the question of whether negligence will be inferred from the fact of the explosion for the determination of the jury.

**2. Appeal and Error J g—**

Exceptions to the admission of certain evidence in this case are not considered on appeal as the case must be tried on its merits, the judgment as of nonsuit entered in the trial court being reversed.

CIVIL ACTION, before *Alley, J.,* at February Term, 1933, of BUNCOMBE.

The plaintiff is a citizen and resident of Tennessee. The defendant, Texas Company, is a corporation organized and existing by virtue of the laws of the State of Delaware and is duly authorized to conduct business in Buncombe County. The defendant, North Carolina Oil Company, is a North Carolina corporation and was engaged in the business of operating a filling station in Buncombe County at the northeast corner of Broadway and Walnut streets in the city of Asheville, under a license from the Texas Company. The defendant, E. G. Lee, was manager in charge of the business of the North Carolina Oil Company.

On 31 March, 1931, the plaintiff, a traveling salesman, registered as a guest at the Webster Hotel in Asheville. This hotel is located at the southeast corner of Broadway and Walnut streets. Across the street from the hotel was a filling station, operated by the defendant, North Carolina Oil Company, which was engaged in selling petroleum products of the Texas Company. The plaintiff was the owner of a Dodge automobile, and when he registered at the hotel, parked his car on the south margin of Walnut Street directly opposite said filling station. At about eleven o'clock on the night of 31 March, and after the filling station had been closed for the day's business, "there occurred upon the premises of said filling station a terrific explosion, which said explosion tore off a section of iron pipe which was an old fill pipe, extending some four or five feet above the ground and led into the gasoline tanks of the filling station located underneath the ground. That said pipe was an iron pipe about two inches in diameter and the section blown off was from two to three feet in length. That the force of the explosion broke said pipe into numerous fragments ranging in size from a piece of about the size of a human hand down to smaller fragments about the size of small pebbles. That the said fragments of iron pipe scattered in various directions and numerous fragments were hurled directly across the street to where the plaintiff's car was parked, striking plaintiff's car and severely damaging it, in that the glass in the doors was broken, several holes were punctured in the body of the car, the gasoline tank was punctured. . . . That said car of plaintiff at the time of the explosion was practically new." Other evidence tended to show that the force of the explosion broke several windows in the hotel, and that one fragment of iron was blown through a window on the second floor of the hotel, lodging in the ceiling of one

of the rooms. "That the force or concussion of said explosion was so violent that it threw some of the guests of the hotel out of their chairs in which they were sitting in the lobby of the hotel at the time of the explosion."

A deputy fire insurance commissioner, witness for the plaintiff, was asked the following questions: (Q.) "Do you have an opinion satisfactory as to whether the explosion occurred inside the storage tank or inside the pipe, and, if so, give that opinion?" (A.) "The fragment just referred to was cracked or split on the inside of the pipe, and from the condition of said fragment the explosion occurred inside the storage tank or inside the tank pipe." (Q.) "State whether, in your opinion, from the investigation you made, the explosion occurred inside the pipe or as a result of some external force or explosive." (A.) "I have several years' experience with dynamite, gun powder and other high explosives, and, in my opinion, the explosion occurred inside the pipe and not as a result from any external force or explosive."

The defendant objected and excepted to the ruling of the court in admitting the evidence. There was a similar opinion of like tenor and import given by the agent of the fire department of Asheville, which was admitted over the objection of defendant.

The cause was originally tried in the county court and nonsuited. Upon appeal to the Superior Court the trial judge reversed the judgment of the county court and remanded the cause for trial. From such judgment the defendant appealed.

*John Y. Jordan, Jr., for plaintiff.*
*Johnson, Smathers & Rollins for defendant.*

BROGDEN, J. Does the doctrine of *res ipsa loquitur* apply to explosions of the type described in the evidence?

There was no evidence that the filling station, tanks or pipes were negligently installed or operated, or that there was any defect in the station or its equipment. Consequently, unless the principle of *res ipsa loquitur* is applicable, the trial judge was in error in reversing the judgment of nonsuit and remanding the case for trial. The evidence leaves no doubt as to the fact that the filling station and its equipment and fixtures were under the exclusive control of the defendants. It is also a matter of everyday knowledge that filling stations, tanks and pipes properly installed, inspected, supervised and carefully operated, do not usually and ordinarily blow up. Therefore, the evidence discloses a typical background for the application of *res ipsa loquitur*. Indeed, this Court is committed to the view that explosions, such as the testimony describes, invoke the application of the principle. *Fox v. Texas Co.,*

180 N. C., 543, 105 S. E., 437; *Slone v. Texas Co.,* 180 N. C., 546, 105 S. E., 425; *Newton v. Texas Co.,* 180 N. C., 561, 105 S. E., 433; *Harris v. Mangum,* 183 N. C., 235, 111 S. E., 177. In the *Harris case, supra,* *Adams, J.,* wrote: "We are not inadvertent to decisions in which it is held that the doctrine of *res ipsa loquitur* does not apply in case of injury or death caused by the explosion of a boiler; but in our opinion the better reasoning, as well as eminent judicial opinion, supports its application. The principle is embedded, not in the relation existing between the parties, but in the inherent nature and character of the act causing the injury." The opinion further declares: "In applying the maxim confusion has frequently arisen from a failure to observe the distinction between circumstantial evidence and the technical definition of *res ipsa loquitur.* This distinction is not merely theoretical; it is practically important. *Res ipsa loquitur,* in its distinctive sense, permits negligence to be inferred from the physical cause of an accident, without the aid of circumstances pointing to the responsible human cause. Where this rule applies, evidence of the physical cause or causes of the accident are sufficient to carry the case to the jury on the bare question of negligence. But where the rule does not apply, the plaintiff must prove circumstances tending to show some fault of omission or commission on the part of the defendant in addition to those which indicate the physical cause of the accident."

Of course, the jury is not obliged or compelled to infer negligence or want of due care from the fact of the explosion, but the law means to say that negligence may be inferred from such fact. See *Hinnant v. Power Co.,* 187 N. C., 288, 121 S. E., 540.

There is certain opinion evidence in the record admitted by the trial judge. Apparently these opinions were based upon very meager data and would seem to be almost plucked out of the air, but as the case must be tried upon its merits, no opinion with reference to the competency of the evidence is intimated or expressed.

Affirmed.