The defendant Twiford, trading as Quinn Furniture Company, is a merchant and is a distributor for a certain type of stove known as the Superfex Oil Burning Heater and certain of these stoves were installed in his store in Elizabeth City in the winter of 1931. The stove was heated by means of oil, which is sometimes called fuel oil or heating oil. The oil was furnished the defendant Twiford by the defendant, Standard Oil Company of New Jersey. The plaintiff said: "I worked for the Quinn Company around seven years. I was not working for them at the time of my injury, as I had stopped about a month and a half prior to that. At the time of my services with them I usually lighted the Superfex Oil Burning Heater. . . . When the fire is out we generally turn the value down and wait about a minute and light a match and throw it in. The oil is kept in a container back of the stove and runs down in the stove in the pan and that is lighted with a piece of paper or a match. The oil got down from the tank to the pan from a tube about one-fourth inch in diameter, and I opened a value to cause the oil to run from the tank to a pan which would take about a minute. A lighted match or a piece of burning paper was then thrown into the stove through an opening in the front. . . . On the morning I was hurt I went down to the store with Mr. Hales in his car. . . . About a minute after I got there I saw Mr. Davis, the head *Page 262 
clerk. . . . The stove was not burning that morning when I went in but was cold. . . . Mr. Davis went somewhere . . . and he came back and told me to light the stove and don't catch the cap. To strike a lighted match and put it in there, but not to catch the cap. There was but one cap on the stove. I then attempted to do what he told me. I lighted the match and threw it in there and started to put back the cap with my right hand, but I never did get it in the hole. It caught up and blew out before I could get the cap in the hole. When I threw that lighted match in, the oil blew up and blew out. I mean the oil exploded. It blew out, blew the pipe out and hit me all over, and I was in a burning place in the store about eight feet square. It just seemed to flash when the lighted match struck the oil. It just blew out. The flame struck me right in the face and went all over me and laid me out and blew me down. . . . They had used the Superfex Oil Burner just a month or two to the time I quit. . . . I operated a Superfex stove." . . .
The evidence further tended to show that the same oil had been used in the heater since the installation of the stove, and that all of the oil had been supplied by the Standard Oil Company. The stove continued to be used that same day Mr. Jennings was injured and no repairs or changes were made on it. It was used the next day and so on during the winter. It worked fine and in number one shape. A witness said: "I looked at the oil in the tanks on the stove after it had flared out, and it was the same kind of oil that was in those two barrels and the same kind that we continued to use in the stove up until the present time." The defendant Twiford said: "Shortly after he was hurt this very stove was lighted up again with the same oil in it. . . . After the accident and Mr. Jennings was carried home, the stove was lighted again and it went off burning as it always did, and we had in the stove at that time exactly the same oil it had when Mr. Jennings attempted to light it. . . . After Mr. Jennings was hurt the stove was lighted and did not explode but went off burning as it always did. . . . After the accident nothing at all had to be done by way of repairing the stove. It looked exactly as it does now except it might not have been as clean."
At the conclusion of the evidence the trial judge entered a judgment of nonsuit and the plaintiff appealed.
There was no evidence of any defect in the stove or in the quality or adaptability of the oil furnished therefor. The stove did *Page 263 
not explode, but the oil flashed out of the pan when the plaintiff threw a lighted match therein. Consequently, if the principle of res ipsa loquitur
does not apply, the judgment of nonsuit was correct. Everybody knows that a lighted match will ignite kerosene or fuel oil. The plaintiff knew that. Moreover, he undertook to light the stove in his own way and according to his own judgment.
Upon all the facts disclosed by the evidence "the existence of negligent default is not the more reasonable probability" and "the proof of the occurrence without more leaves the matter resting only in conjecture." Obviously, more than one inference can be drawn from the evidence as to the cause of the injury, and therefore, the case falls within the exceptions pointed out in Springs v. Doll, 197 N.C. 240, 148 S.E. 251, rather than within the principle underlying the typical explosion cases, such as Howardv. Texas Co., 205 N.C. 20.
Affirmed.