Railroad v. Brooks.

---

SOUTHERN RAILWAY COMPANY *v.* R. H. BROOKS.

(*Knoxville.*  September Term, 1911.)

1. **COMMON CARRIERS.**  Duties of railroad companies to prevent personal injuries to passengers; damages for failure.

It is the duty of railroad companies, as common carriers of passengers, to exercise the highest practicable degree of care and skill to prevent injury, though they are not insurers of their safety; and for failure to do so, they are liable in damages for all injuries sustained by passengers.  (*Post, p.* 264.)

2. **RAILROADS.**  Statute prescribing precautions for prevention of accidents is imperative and mandatory.

The statute (Shannon's Code, sections 1574-1576) requiring railroad companies to keep some person on their locomotives always upon the lookout ahead, and, when any person, animal, or other obstruction appears upon the road, to observe certain precautions, and to employ every possible means to stop the train and prevent an accident, and exempting them from liability upon their observance of said requirements, and subjecting them to liability for their nonobservance thereof, is imperative and mandatory.  (*Post, pp.* 264-267.)

Code cited and construed:  Secs. 1574-1576 (S.); secs. 1298-1300 (M. & V.); secs. 1166-1168 (T. & S. and 1858).

Cases cited and approved:  Railroad v. Connor, 9 Heisk., 23; Hill v. Railroad, 9 Heisk., 823; Railroad v. Scott, 87 Tenn., 501; Railroad v. Foster, 88 Tenn., 679; Rapid Transit Co. v. Walton, 105 Tenn., 417.

Cases cited and distinguished:  Routon v. Railroad, 1 Shannon's Cases, 528; Railroad v. Troxlee, 1 Lea, 521; Railroad v. Selcer, 7 Lea, 558.

Railroad v. Brooks.

3. **SAME.    Duty safely to carry passengers is paramount to all others, and is superior to observance of statutory precautions, when and when not.**

The duty of railroad companies safely to carry and deliver their passengers is paramount to all others, and is superior to the statutory requirements and precautions stated in the preceding headnote; and the statutory precautions should not be observed, when to do so would imminently imperil the lives and limbs of passengers and employees on the train; but these precautions should be observed when human life is in danger on the road, and the probability of slight injuries to passengers and employees, or even serious injuries growing out of unusual positions which they may at the time occupy, will not excuse the observance of such precautions for the protection of the life of a trespasser.    However, where compliance with the statutory precautions will, with reasonable certainty, imperil the lives or limbs of passengers, such compliance should not be made; but where no great danger to passengers will ordinarily follow, or can be anticipated with reasonable certainty, the statute must be observed, especially in favor of human life; and a railroad company shall not be liable for damages resulting from its observance of these rules.    (*Post, pp.* 267-269.)

Code cited and construed:    Secs. 1574-1576  (S.);   secs. 1298-1300  (M. & V.);  secs. 1166-1168  (T. & S. and 1858).

FROM HAMBLEN.

Appeal from the Circuit Court of Hamblen County to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals to the Supreme Court.—G. Mc. HENDERSON, Judge.

SUSONG & BIDDLE, MCCANLESS & COLEMAN, and HOL-
LOWAY & HICKEY, for Railroad.

KING & KING and W. N. HICKEY, for Brooks.

---

MR. CHIEF JUSTICE SHIELDS delivered the opinion of
the Court.

This is an action to recover damages for personal in-
juries sustained by R. H. Brooks while a passenger upon
one of the passenger trains of the Southern Railway
Company. The accident occurred at a station of the
railway company, while the train was moving at about
two miles an hour and almost in the act of stopping, and
resulted from the sudden application of the emergency
brakes by the engineer, causing the entire train to lurch
backward and recoil with unusual force and violence.
The passengers for that station had been notified to dis-
embark and were preparing to do so. Brooks had arisen
from his seat, turned towards the rear of the coach, and
was in the act of going back to assist his wife, who was
also a passenger, and, when the brakes were applied, was
thrown down and against a seat, sustaining serious and
permanent personal injuries.

The railway company in its defense proved by the en-
gineer in charge of the locomotive that the brakes were
applied in order to prevent the striking and probable
killing of a boy who suddenly appeared upon the track
some ten feet ahead of the pilot and was crossing to the
opposite side, angling towards the engine, in compliance

with the statute requiring certain precautions to be observed by railroad companies to prevent injuries to persons and animals upon the road before an approaching train.

The trial judge charged the jury that it was the duty of the railway company to keep some one upon its locomotives always upon the lookout ahead, and, when any person, animal, or other obstruction appeared upon the road, to sound the alarm whistle, put down the brakes, and use every possible means to stop the train and prevent the accident; but, while this was true, it was also its duty to exercise the highest degree of care, skill, and foresight possible for the safety of its passengers, and that it was not required to observe the statutory precautions when it would endanger the lives or limbs of passengers. In effect, the jury was instructed that, where the duty to observe the statutory precautions conflicted with that to passengers, the latter must prevail and be discharged. The charge is quite lengthy; but, while not in the words of the trial judge, the above is the substance and effect of the instruction given to the jury upon this subject.

There was verdict and judgment in favor of the plaintiff below. The railway company carried the case to the court of civil appeals, and there assigned as error, among other things, the instruction to the jury above stated, which assignment was sustained, and the case is now before us upon *certiorari* prosecuted by Brooks to reverse the judgment of that court.

Railroad companies, as common carriers, undertake to safely carry and deliver their passengers at their destination. In the performance of this contract and obligation, it is their duty to exercise the highest practicable degree of care and skill, and for failure to do so they are liable in damages for all injuries sustained by passengers. They are not insurers of the safety of passengers, as they are of freight. Every one who travels on the conveyances of a common carrier assumes some risks, such as are necessarily incident to that mode of travel, and for an injury sustained without the fault or neglience of the carrier there is no remedy. Injuries caused by the ordinary and unavoidable jolts and jars of moving trains are within this class. This duty of carriers to their passengers must be strictly discharged, and generally an injury to a passenger raises a rebuttable presumption of negligence and liability.

Railroad companies also owe duties to persons who may appear upon their road, or within striking distance of their trains. The statute (Shannon's Code, sections 1574-1576) requires railroad companies to keep the engineer, fireman, or some other person upon their locomotives always upon the lookout ahead, and, when any person, animals, or other obstruction appears upon the road, to sound the alarm whistle, put down the brakes, and employ every possible means to stop the train and prevent an accident, and provides that upon failure to observe these precautions the company shall be liable for all damages to person or property resulting from any accident or collision that may occur, and also, when

such precautions are observed, that they shall not be responsible for such damages; the burden of proving the observance being upon the company. The provisions of this statute have been repeatedly held by this court to be imperative and mandatory, and to require absolute obedience. They must be complied with, regardless of whether it appears they are necessary or will be effective to prevent an accident. *Hill* v. *Railroad Co.,* 9 Heisk., 823; *Railway Co.* v. *Foster,* 88 Tenn., 679, 13 S. W., 694, 14 S. W., 428.

When the precautions are not observed, the company is liable for the damages resulting from a collision. *Rapid Transit Co.* v. *Walton,* 105 Tenn., 417, 58 S. W., 737. The several requirements of the statute, sounding the alarm whistle, putting down the brakes, and employing all possible means to stop the train and prevent an accident, are all imperative. They are not to be observed in the order stated in the statute, but the precaution or thing which under the facts of the particular case is most available or effective to avert a collision and prevent the injury must be done. *Railway Company* v. *Scott,* 87 Tenn., 501, 11 S. W., 317.

We have no case arising from an apparent conflict of these duties to passengers and persons upon the road where a passenger was injured. All our cases in any way involving the question here presented relate to injuries to persons or animals appearing upon the road before locomotives.

*Routon* v. *Railroad Company,* 1 Shan. Cas., 528, was an action to recover for a cow killed upon the track near

a trestle, in which the engineer testified that it would have endangered the safety of the train to have reversed his engine at that particular place. In discussing the necessity of observing the statute this court said: "The law does not demand of a railroad company the sacrifice of human life, either the lives of its employees or of its passengers, in order to save a mere article of property."

*Railroad Company* v. *Troxlee,* 1 Lea, 521, was an action to recover for a mule killed upon the road, where the engineer failed to reverse his engine because of danger, on account of the speed, of wrecking the train. In this case it is said: "The statutes made by the legislature for the government of railroads in cases of this kind are quite stringent, and we think justly so; but it certainly was never intended by the lawmakers that anything should be required which would endanger the lives or limbs of persons upon the train."

The case of *Railroad Co.* v. *Selcer,* 7 Lea, 558, was also an action for a mule killed. The engineer testified that to have reversed the engine would have endangered his life and been very injurious to the engine. This court, in passing upon an error assigned for the failure of the trial judge to charge that upon the testimony of the engineer the company was excused from the observance of the statute, said that injury to the engine or machinery furnished no excuse, but in regard to the danger to the life of the engineer used this language:

"It has been repeatedly held by this court that if the train is moving at such speed, or if the circumstances of its situation are such, that it would endanger the lives

of persons on the train, the engineer is not bound to reverse the engine, although by doing so the collision itself may have been avoided."

The case of *Railroad* v. *Conner,* 9 Heisk., 23, was an action to recover for the death of a child killed upon the road, in which it was insisted that the paramount duty of the company was to its passengers, and therefore observance of the statute where it would endanger their lives or limbs was not required.  It is there said:

"We do not say that the means employed to stop the train should be such as would cause imminent risk and danger to the passengers; but a slight increase of the danger to the passengers will be no excuse for failing to follow the positive mandate of the statute. The facts of the case call for no further discussion of the question. There is no proof that any of the means usually employed to stop the train would be at great or imminent danger to passengers.  It would not do to hold that employes running the train shall be allowed to excuse themselves from failing to comply with the positive requirements, by the mere expression of an opinion that to do so would endanger the passengers.  The nature and extent of that danger should, at least, be more clearly shown."

The duty of railroad companies to safely carry and deliver their passengers is paramount to all others. They contract to do this, and public policy demands and requires a strict performance of the terms of the contract.  This was so by the common law in force long before the enactment of the statute, and it was not the in-

tention of the legislature to modify or abrogate the duty
in favor of trespassers. We are of the opinion, and hold,
that the precautions prescribed should not be observed,
when to do so would imminently imperil the lives or
limbs of passengers and employees on the train. The ob-
ject of the statute is primarily to protect human life,
and to construe it otherwise than here done would in
many cases defeat that object. But less than imminent
danger of serious bodily injury or death to those on the
train will not excuse observance of the precautions, es-
pecially when the life of one on the road is involved. In
other words, the probability of slight injuries to pas-
sengers and employees, or even serious injuries growing
out of unusual positions which they may at the time
occupy, will not excuse observance of the statute for the
protection of the life of a trespasser. While not directly
involved here, we do not think the safety of passengers
should be jeopardized in any case to prevent injuries to
animals upon the road.

Humanity and public policy require that the duties of
railroad companies to their passengers and to persons
upon their roads be reconciled as far as possible to do
so. No hard and fast rule can be made applicable to all
cases. Each case where conflict presents itself must be
determined upon its own particular facts. Where com-
pliance with any particular provision of the statute, un-
der attending conditions and environments, such as the
speed of the train, a steep descending grade, a trestle or
bridge, or other circumstance of peculiar danger, will
imperil the lives or limbs of passengers with reasonable

Railroad v. Brooks.

certainty, it should not be done. But where the place of the impending collision is level, or the speed of the train reasonably slow, or other conditions exist from which no great danger to passengers will ordinarily follow, or can be anticipated with reasonable certainty, usual conditions being considered, the statute must be observed, especially in favor of human life.

And in the event of a collision in the case first stated there will be no liability for injuries done persons or property upon the road; and in the latter there will be none to passengers upon the train. Neither the common law nor the statute requires impossibilities of railroad companies, or makes them liable for damages for acts which they are required by law to do. Their agents in cases of this kind are compelled to determine their duty, and to decide between the conflicting interest of passengers and trespassers instantly and without reflection, in many cases a most difficult thing to do; and when this discretion is exercised upon reasonable grounds and in good faith, it must be considered, and is entitled to much weight in determining whether there was negligence, and consequent liability, upon the part of the company.

We do not think that the learned trial judge was as clear and accurate as he should have been in stating the conflicting duties of the company upon the facts of this case to the jury, and that the plaintiff in error was thereby prejudiced, and for this reason the judgment should be reversed, and the case remanded for a new trial.

Affirmed.