LUCY SAUNDERS v. NORFOLK AND WESTERN RAILWAY COMPANY.

(Filed 11 April, 1923.)

#### Evidence—Res Ipsa Loquitur—Nonsuit.

> In order for the doctrine of *res ipsa loquitur* to apply or make out a prima facie case of negligence against the defendant sufficient to take the case to the jury upon the issue, it is necessary to show that the thing causing the injury was under the defendant's management, or its servants', at the time; and where the evidence tends only to show that a window which another passenger had raised and left open fell upon the plaintiff's arm, then resting on the sill, and there is no evidence of a defect in the window or fasteners, a judgment as of nonsuit should be allowed.

APPEAL by defendant from *Connor, J.,* and a jury, at the October-November Term, 1922, of DURHAM.

The plaintiff was injured while a passenger on the defendant's train en route from Roxboro to Durham. After entering the coach she took a vacant seat by a window that was then open and placed her arm on the window sill. Just before the train reached Helena, which was eight miles from Roxboro, the window fell on her arm and injured it.

At the trial the plaintiff testified that she neither touched the window nor did anything else to cause it to fall, but she offered no evidence that the window or its catches were defective or that the window had been raised by any of the defendant's employees. The day was warm and nearly all the windows were open. There was no direct evidence of any defect or any act which caused the window to fall; but the trial judge instructed the jury as follows: "I instruct you that the fact that a window in a railroad car when properly secured after having been raised will not ordinarily fall, and the fact that this window did fall, is evidence to be submitted to you and to be considered by you in determining why the window fell. The very fact that the window fell when properly secured, either by properly adjusted fasteners, or it being raised to a proper distance it would not have fallen, coupled with the fact that the window in this instance did fall, if you find it fell, is evidence to be submitted to the jury, and it is for the jury to say whether or not the falling of the window was due to some default or failure on the part of the defendant to perform its duty with respect to this window, to a passenger."

At the close of the plaintiff's evidence and at the conclusion of all the evidence the defendant entered of record its motion to dismiss the action as in case of nonsuit. Each motion was denied. Upon the verdict judgment was rendered for the plaintiff and the defendant appealed.

SAUNDERS *v.* R. R.

*R. H. Sykes and S. C. Brawley for plaintiff.*
*F. M. Rivinus and W. B. Guthrie for defendant.*

ADAMS, J. In considering this appeal we observe an utter want of any direct proof that the window, or either of its bolts or safety catches, was defective or that it was raised by an employee of the defendant. Neither the height to which the sash was raised nor the condition of the catches nor whether the raised sash was secured by the catches is ascertained. So there is no definite evidence as to what caused the window to fall and no evidence of negligence except the bare fact that it fell. The plaintiff therefore seeks to maintain her action by applying to the evidence the rule *res ipsa loquitur.* The rule is clearly stated in *Scott v. The London Docks Co.,* 159 Eng. Rep., 665: "There must be reasonable evidence of negligence, but where the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care." But it is essential to show that the appliance, machinery, device, or other agency causing the injury is under the management of the defendant or his servants; and in applying the rule in actions against common carriers the courts are generally agreed that when a passenger is injured by machinery and appliances wholly under the carrier's control, this fact is sufficient prima facie to show negligence. 20 R. C. L., 188, sec. 157, and cases cited. Wigmore says that one of the considerations limiting the rule is that both inspection and user must have been, at the time of the injury, under the control of the party charged. Wigmore on Evidence, sec. 2509. In this respect the decisions of this Court cited in the plaintiff's brief may be differentiated from the case at bar. In all of them "the thing" was under the management or control of the defendant and not of the plaintiff; as, for example, a mail bag defectively hung or secured (*McCord v. R. R.,* 134 N. C., 53); the fall of an elevator (*Womble v. Grocery Co.,* 135 N. C., 474; *Stewart v. Carpet Co.,* 138 N. C., 61); defective machinery in a cotton mill (*Ross v. Cotton Mills,* 140 N. C., 115); negligence in unloading a car of coal (*Fitzgerald v. R. R.,* 141 N. C., 531); the defective roof of a coach (*Ridge v. R. R.,* 167 N. C., 510); a loose bolt in the aisle of a coach (*Lindsey v. R. R.,* 173 N. C., 391); fire escaping from a smokestack (*Matthis v. Johnson,* 180 N. C., 130); the explosion of gasoline stored in the defendant's warehouse (*Newton v. Texas Co.,* 180 N. C., 561); derailment of a train (*While v. Hines,* 182 N. C., 275); and the explosion of a boiler (*Harris v. Mangum,* 183 N. C., 235). But in the instant case the user at the time of the injury

was not under the immediate management of the defendant, but in control of the plaintiff. It is ordinarily left to the passenger to determine whether a window shall be open or closed, and the plaintiff saw fit as a matter of comfort or convenience not to interfere with the window as she found it when she entered the car. It is very probable that it was raised by the person who had last occupied the seat and had not made secure the safety device. Under these circumstances it is impossible to say whether the fall was attributable to any defect in the construction of the window or to the failure of the person who raised it to secure it in the usual way. It may be attributed to either with equal certainty, and the proximate cause of the injury cannot be determined. The falling of the sash was evidently an event which proceeded from an unknown cause and must be ascribed to accident or casualty.

The principle which we conceive to be apposite is stated by *Chief Justice Parsons* in *Boucher v. R. R.,* 79 At. (N. H.), 993, the facts in which were similar to those in this case. He said: "The plaintiff, having traveled safely in one of the defendants' trains from Nashua to Concord, while the train was at the latter station, changed her seat to one then vacated by another passenger beside an open window. Shortly after the train started from Concord the sash of the window fell upon her arm, causing the injury complained of. Aside from the fact that the sash fell after the train had been in motion about five minutes, there was no evidence of any defect in the window or its appliances . . . It is not common knowledge that windows in ordinary passenger coaches are opened only by railroad employees, and it could not therefore be found without evidence that the defendants left the window in an unsafe condition. It is not claimed that there was anything about the appearance of the open window which should have given notice to the trainmen of its insecurity. The defendants cannot be charged with fault for the improper manner in which the window was left, because the evidence leaves it uncertain whether the act to which carelessness may be imputed was theirs or that of a stranger. They cannot be charged upon the ground of a defective condition, because there is no evidence of any defect except the fall of the sash. Neither can it be assumed, in the absence of some evidence of defective condition, that such a condition caused whoever opened it to leave it so that it might fall. It is therefore unnecessary to attempt to determine the proximate cause of an injury under such circumstances . . . The carrier does not insure the passenger against injury from any cause during transportation, and there is no implied contract of safe carriage. The plaintiff's right of action is based on negligence, and negligence must be shown to authorize a recovery. If the accident may have been due to other causes than the carrier's negligence, the fact of the accident does not authorize the

inference of negligence; but, if the thing causing the injury is entirely within the control of the defendant, and in the ordinary course no accident would result if due care were exercised, the happening of such an accident may authorize an inference of negligence. 'The fact of an injury is not sufficient. It must be traced to the carrier. It must be shown to have proceeded from something under his control, or from some danger which, under the obligation of extraordinary care, it was his duty to anticipate and provide against.' 3 Thomp. Com. Neg. secs. 2754-2762; *Scott v. London Docks Co., supra;* 4 Wig. Ev., sec. 2509; 6 Cyc., 629. Upon this proposition the cases are now in entire accord. The inference of negligence arises, not from the fact of the injury, but from the circumstances under which it occurred. *Pennsylvania R. R. v. MacKinney,* 124 Pa. 462; 17 Atl., 14; 2 L. R. A., 820; 10 Am. St. Rep., 601; *Philadelphia, etc., R. R. v. Anderson,* 72 Md., 519; 20 Atl., 2; 2 L. R. A., 673, 20 Am. St. Rep. 483; and note 490; *Barnowsky v. Helson,* 89 Mich., 523; 50 N. W., 989; 15 L. R. A., 33; *Western Trans. Co. v. Downer,* 11 Wall., 129, 134; 20 L. Ed., 160. If it had been shown that the defendants' servants opened the window, the sash of which subsequently fell, the question would have been presented whether from its subsequent fall negligence could have been found. Assuming that upon the authorities such evidence would have made a case for the jury, none is here presented. The difficulty of the plaintiff's case is illustrated by two Massachusetts cases of injury to a passenger, in one of which the fall of a shade from an overhanging lamp was held to authorize a conclusion of negligence, while in the other the fall of a window did not. In the one case the thing causing the injury was exclusively under the defendants' control; in the other it was not. The two cases are *White v. Railroad,* 144 Mass., 404; 11 N. E., 552, and *Faulkner v. Railroad,* 187 Mass., 254; 72 N. E., 976."

The judgment and verdict will be set aside, and judgment will be entered on the defendant's motion—dismissing the action as in case of nonsuit.

Reversed.