GRACE ARMSTRONG v. ACME SPINNING COMPANY.

(Filed 10 January, 1934.)

1. **Master and Servant C e—Evidence held to show that act of fellow-servant was sole proximate cause of injury, and nonsuit was proper.**

In this action by an employee against her employer to recover for personal injury alleged to have resulted from the employer's negligence, the evidence tended to show that the plaintiff went from the inside of the building where she was employed to work to the outside of the building for rest and fresh air, and sat on a window ledge, that the transom of the window had been raised for ventilation and left in a position where it could not fall or cause injury, but that another employee, a fellow-servant of plaintiff, in order to more conveniently talk with plaintiff from the inside of the building, moved the transom and that afterwards the transom fell upon plaintiff, causing the injury in suit. *Held*, there was no evidence of any negligence on the part of defendant employer, the evidence tending to show that the injury resulted solely from the act of plaintiff's fellow-servant, and a judgment as of nonsuit should have been entered on defendant's motion, and *held further*, the doctrine of *res ipsa loquitur* does not apply.

2. **Negligence A e—**

The doctrine of *res ipsa loquitur* does not apply where it is shown by direct evidence that the injury in suit was caused not by defendant's negligence, but by the act of plaintiff's fellow-servant.

APPEAL by defendant from *Hill, Special Judge,* at May Special Term, 1933, of MECKLENBURG. Reversed.

This is an action to recover damages for personal injuries suffered by the plaintiff, while she was at work on 1 June, 1927, as an employee of the defendant in its cotton mill, at Belmont, N. C.

It is alleged in the complaint, that on or about 1 June, 1927, while the plaintiff, who was then about 16 years of age, was sitting, temporarily for the purpose of resting from her work, in a window in defendant's cotton mill, where she was employed by the defendant as a spinner, the lower transom of the window, which had been raised for purposes of ventilation, fell and struck her on the head, thereby causing injuries, by reason of which she has sustained damages in a large sum, to wit: $20,000.

It is further alleged in the complaint that the transom, which had been raised by one of the employees of the defendant, who had charge of the room in which plaintiff was at work, for purposes of ventilation, fell because it had not been properly fastened by means of the chain which had been provided by the defendant for that purpose, and that defendant's negligence in failing to exercise due care to have the tran-

som, when raised, properly fastened by means of the chain or otherwise, was the proximate cause of the injuries suffered by the plaintiff, and of the damages which she sustained as the result of such injuries.

These allegations are denied in defendant's answer.

The defendant further alleges in its answer that the transom fell because after it had been raised by one of its employees for purposes of ventilation, and after it had been left in such a position as that it would not fall, it was moved from such position by a fellow-servant of the plaintiff, for his own purposes, and that the act of such fellow-servant, was the sole proximate cause of such injuries as the plaintiff suffered, when the transom fell and struck her on the head. The defendant further alleges in its answer, that if the plaintiff was injured by its negligence as alleged in the complaint, she contributed to her injuries by her own negligence.

At the trial of the action, evidence was offered by both the plaintiff and the defendant.

The issues submitted to the jury were answered as follows:

"1. Was the plaintiff, Grace Armstrong, injured by the negligence of the defendant, Acme Spinning Company, as alleged in the complaint? Answer: Yes.

2. Did the plaintiff, by her own negligence, contribute to her injuries, as alleged in the answer? Answer: No.

3. What damage, if any, is plaintiff entitled to recover of the defendant? Answer: $3,200."

From judgment that plaintiff recover of the defendant the sum of $3,200, and the costs of the action, the defendant appealed to the Supreme Court.

*G. T. Carswell and Joe W. Ervin for plaintiff.*
*Tillett, Tillett & Kennedy for defendant.*

CONNOR, J. The evidence offered by the plaintiff at the trial of this action shows that when the plaintiff left the spinning frames in the defendant's cotton mill, where she had been at work, and went out of the mill, and sat down in the window to rest, on the outside of the mill, the transom in said window, which had been raised, and which later fell and struck her on the head, was in such position as that it would not ordinarily fall. The bottom of the transom had been pushed outward and upward; the top, inward and downward. It had been left in this position by the employee of defendant who had raised it for purposes of ventilation. When left in this position, it was not necessary to fasten the transom with the chain, which was attached to its top. All the evi-

dence shows that when left in this position, there was no probability that the transom would fall. When the plaintiff sat down in the window, on the outside of the mill, the bottom of the transom was over her head, and the top was down on the inside of the mill. The transom did not fall until after the plaintiff had sat in the window for some time engaged in conversation with a companion.

While the plaintiff and her companion were sitting in the window, Herman Bush, an employee of the defendant, and a fellow-servant of the plaintiff, left his work in the mill, and went to the window in which the plaintiff was sitting. He talked to the plaintiff and her companion, through the window, for about five minutes. He was on the inside, and the plaintiff and her companion on the outside of the mill. The transom was between them. Immediately after Herman Bush left the window and returned to his work in the mill, the transom fell and struck the plaintiff on the head. The plaintiff testified that she did not see Herman Bush while he was talking to her and her companion, through the window, but that he had been talking to them just before the transom fell. She did not know what caused the transom to fall.

The evidence offered by the defendant shows that when Herman Bush left his work in the mill and went to the window in which the plaintiff and her companion were sitting, he found that the position in which the transom had been left interfered with his conversation with them, and that for that reason he moved the transom, and that his act in moving the transom from the position in which it had been left by defendant's employee, who had raised it for purposes of ventilation, was the cause of plaintiff's injuries. Viola Duncan who was sitting in the window with the plaintiff, at the time she was injured, testified that Herman Bush took hold of the transom, and moved it, so that he could talk through the window to her and the plaintiff, and that the transom fell when he left the window to return to his work. Herman Bush testified that when he walked to the window, he found that he could not talk to the plaintiff and her companion, because of the position of the transom, and that for this reason he moved the transom so that it was level, instead of slanting. When he turned the transom loose, it dropped and hit the plaintiff on the head.

At the close of all the evidence, the defendant renewed its motion for judgment as of nonsuit, first made at the close of the plaintiff's evidence. This motion was denied, and defendant excepted. The assignment of error based on this exception must be sustained. There was no evidence tending to show that the plaintiff was injured by the negligence of the defendant as alleged in the complaint. The principle of *res ipsa loquitur* is not applicable in this case, and does not aid the plaintiff, whose evi-

dence was not sufficient to establish facts from which inferences could be drawn by the jury in support of the allegations of the complaint. All the evidence shows that the plaintiff was injured by the act of a fellow-servant, and not by the negligence of the defendant. For this reason, the action should be dismissed. See *Springs v. Doll,* 197 N. C., 240, 148 S. E., 251; *Saunders v. R. R.,* 185 N. C., 289, 117 S. E., 4. The judgment must be

Reversed.

CLARKSON, J., dissenting: In my opinion it cannot be said as a matter of law that there was no sufficient competent evidence, tending to show that the plaintiff in this action was injured by the negligence of the defendant as alleged in the complaint. On a motion as of nonsuit, the evidence is to be considered in the light most favorable to the plaintiff. C. S., 567; *Lynch v. Tel. Co.,* 204 N. C., 252; *Thigpen v. Ins. Co.,* 204 N. C., 551. Viewing the evidence in that light, I think it was a matter for the jury.

There is conflicting testimony as to whether or not Herman Bush, one of the defendant's witnesses, who was at the time of the injury an employee of the defendant and a fellow-servant of the plaintiff, moved the transom of the window, and that his act in moving the transom from the position it had been left by the defendant's employee, who had raised it to provide ventilation, was the cause of the plaintiff's injury. Only upon the theory that his action as a fellow-servant in moving the transom was the cause of the injury could the defendant be barred from a recovery, for there was no evidence of contributory negligence.

The thing causing the injury of the plaintiff was under the defendant's management or of its servants, at the time of the injury, and this fact distinguishes it from *Saunders v. R. R.,* 185 N. C., 289, in which the evidence tended only to show that a window which another passenger on a railroad train had raised and left open fell upon the plaintiff's arm, then resting on the sill. This Court in that case, p. 292, said that "If it had been shown that the defendant's servants opened the window, the sash of which subsequently fell, the question would have been presented whether from its subsequent fall negligence could have been found." The situation, which was distinctly pointed out there does not exist in this action.

For the reason that, as above shown, this action stands on a different footing from that of *Saunders v. R. R., supra,* the principle of *res ipsa loquitur* is applicable in this case. Quoting from *Scott v. The London Docks Co.,* 159 Eng. Rep., 665, in *Saunders v. R. R., supra,* the rule was stated as follows: "There must be reasonable evidence of negligence, but where the thing is shown to be under the management of the defend-

ant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care."

In his monumental work on Evidence, Vol. 5 (2d ed.), sec. 2509, p. 498, Wigmore cites with approval a decision of the North Carolina Supreme Court by *Associate Justice H. G. Connor,* in *Ross v. Cotton Mills,* 140 N. C., 115: "The underlying reason for the rule is that usually the chief evidence of the true cause of procedure is practically accessible to the defendant, but inaccessible to the person injured. It is for this reason that in some cases the Legislature has made the fact of injury 'presumptive evidence' and in others a prima facie case. . . . To prevent any misconstruction of the circumstances under which or the manner in which this principle applies in the trial of causes, we wish to restate: . . . It does not in any degree affect or modify the elementary principle that the burden of the issue is on the plaintiff. *Walker, J.,* in *Stewart v. Carpet Co.,* 138 N. C., 60, clearly states the rule, as follows: 'The doctrine does not dispense with the requirement that the party who alleges negligence must prove the fact, but relates only to the mode of proving it. The fact of the accident furnishes merely some evidence to go to the jury which requires the defendant "to go forward with his proof." The rule of *res ipsa loquitur* does not relieve the plaintiff of the burden of showing negligence, nor does it raise any presumption in his favor.' The suggestion has been made in argument of cases at this term that, when the rule applies, it is the duty of the court to instruct the jury that proof which calls the rule into action constitutes a prima facie case or raises a presumption of negligence. This is a misapprehension both of the principle upon which the rule is founded and its application. . . . the law says that the plaintiff is entitled to have a jury pass upon the physical facts and condition, and to say whether in their opinion he has made good his allegation of actionable negligence. The defendant may, or may not, introduce evidence as it is advised. By failing to do so, it admits nothing, but simply takes the risk on nonpersuasion. This is what is meant by 'going forward' with testimony. He, by this course, says that he is willing to go to the jury upon the plaintiff's evidence."

Prof. Wigmore points out that this rule of evidence, which merely entitles the plaintiff to have a jury pass upon the physical facts and condition, suggests that the following considerations ought to limit the rule: "(1) The apparatus must be such that in the ordinary instance no injurious operation is to be expected unless from a careless construction, inspection, or user; (2) Both inspection and user must have been at the

time of the injury in the control of the party charged; (3) The injurious occurrence or condition must have happened irrespective of any voluntary action at the time by the party injured." Wigmore on Evidence (2d ed.), Vol. 5, sec. 2509, p. 498. To which Wigmore adds that "the particular force and justice of the presumption, regarded as a rule throwing upon the party charged the duty of producing evidence, consists in the circumstance that the chief evidence of the true cause, whether culpable or innocent, is practically accessible to him but inaccessible to the injured person." Wigmore on Evidence, *supra.*

Applying these limitations to the instant case, the window is an apparatus of a character that in the ordinary instance no injurious operation is to be expected unless from a careless construction, inspection or user. Both inspection and user was at the time of the injury in the control of the defendant, for it had the right of such control. The rule that the exclusive control and management of the appliance or thing causing the injury must be shown to have been in defendant does not mean actual physical control, but refers to the right of such control. 45 C. J., sec. 781, p. 1216. The evidence shows that the injurious occurrence or condition happened irrespective of any voluntary action at the time by the party injured.

It has been held that the principle of *res ipsa loquitur* does not apply: (1) When all the facts causing the accident or injury are known and testified to by witnesses at the trial; (2) where more than one inference can be drawn from the evidence as to the cause of the injury, (3) where the existence of negligent default is not the more reasonable probability, and where the proof of the occurrence, without more, leaves the matter resting only in conjecture: (4) where it appears that the accident was due to a cause beyond the defendant, such as an act of God, or the wrongful or tortious act of a stranger; (5) when the instrumentality causing the injury is not under the exclusive control or management of the defendant; (6) where the injury results from accident as defined and contemplated by law. *Springs v. Doll,* 197 N. C., 240.

There was conflicting testimony as to whether or not Herman Bush moved the transom. The plaintiff testifying merely that he came to the window and her father testifying that Herman Bush had told him before the trial that he did not, while Viola Duncan corroborated Bush in his testimony that he did move the transom. Only one inference can be drawn as to the cause of the accident or injury, which was the falling of the window. In the light of all the surrounding circumstances, the existence of negligent default was the more reasonable probability, and the cause of the accident or injury was not left in conjecture. It has already been pointed out that the accident was not caused by the

intervening act of a stranger and that the window was under the exclusive control of the defendant.

The evidence was to the effect that the accident or injury was caused by the falling of the window. The window was under the exclusive control of the defendant or its servants, that under ordinary conditions no injurious falling of the window was to be expected. The falling of the window happened irrespective of any voluntary action by the plaintiff that the cause of the injury was the falling of the window but there was a conflict of testimony as to the cause of the falling of the window. Only one inference can be drawn from the evidence that the cause of the accident or injury was the falling of the window, that the existence of negligent default was the more reasonable probability, and the direct and proximate cause of the injury was not left in conjecture. The injury did not result from an accident as defined and contemplated by law.

If the principle of *res ipsa loquitur* be rejected, then it must be conceded that there was a conflict of testimony as to the cause of the negligent falling of the window, whether it was due to any negligent failure of the defendant to use ordinary care to provide a reasonably safe place for its employees, *West v. Mining Corp.,* 198 N. C., 150, or the negligent act of a fellow-servant, *Richardson v. Cotton Mills,* 189 N. C., 653; *Cook v. Mfg. Co.,* 183 N. C., 48. It is the accepted rule that where more than one inference can be drawn from the facts alleged to constitute negligence, the question as to whether there was negligence is for the jury. *Russell v. R. R.,* 118 N. C., 1098; *Buchanan v. Lumber Co.,* 168 N. C., 40. This contention is not at variance with the previous statement that only one inference can be drawn as to the cause of the injury, for it is not controverted that the cause was the falling of the window, but if the principle of *res ipsa loquitur* is rejected, then there does remain the question as to the cause of the falling of the window, the contention of the defendant being that it was due to the negligent act of a fellow-servant while the plaintiff contends that it was due to the negligent failure to use ordinary care to provide a reasonably safe place in which to work.

In any view of the facts of this case, it was a matter for the jury to pass upon, that was the course pursued by the court below. The jury found the conflicting evidence in favor of plaintiff and I think the verdict and judgment should be upheld.