SADIE B. BRANTLEY v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 7 April, 1937.)

1. **Carriers § 21—Evidence of carrier's negligent injury to passenger held sufficient to be submitted to the jury.**

    Evidence that plaintiff, when a child of twelve years, was put on a train by her uncle and placed in charge of the conductor, who seated her by a window, which he opened for her himself, that thereafter, upon a sudden slowing of the train, the window fell on plaintiff's arm and injured it, *is held* sufficient to be submitted to the jury in the plaintiff's action against the railroad upon reaching her majority.

2. **Appeal and Error § 52—Motion for new trial for newly discovered evidence is granted in this case in the Supreme Court.**

    Defendant's motion in the Supreme Court for a new trial for newly discovered evidence, based upon verified statements of a number of prospective witnesses whose testimony it alleges it did not discover until after the trial and was unable to make use of at the trial, is granted in this case, without intimation as to the sufficiency of evidence or discussion of the facts in accordance with the rule of the Court in such instances.

APPEAL by defendant from *Barnhill, J.,* at November Term, 1936, of EDGECOMBE.   New trial.

This was an action for damages for an injury to plaintiff's hand and arm, alleged to have been occasioned by the falling of the window sash in defendant's passenger coach, due to the negligence of the defendant.

Plaintiff alleged and offered evidence tending to show that 7 July, 1926, she became a passenger on defendant's train from Rocky Mount, North Carolina, to Tarboro, North Carolina, and that being then 12 years of age, she was put in charge of the conductor, who seated her in the coach and raised the window beside the seat; that as the train approached Tarboro, the train slackened speed suddenly, and the window fell, striking her wrist and injuring it; that thereafter the pain in her wrist continued and the injury progressed until her hand and arm became withered, deformed, and useless; that this action was instituted upon the plaintiff's coming of age.

The defendant denied that plaintiff was a passenger on its train as alleged, or that she was injured, and denied all allegations of negligence. Defendant offered evidence tending to show that plaintiff's hand and wrist suffered from some disease, injury, or deformity prior to 1926, and that the injury complained of was not due to any act or omission of the defendant.

Upon issues submitted, the jury for their verdict found that plaintiff was injured by the negligence of the defendant and awarded damages in the sum of $12,000.

From judgment on the verdict, defendant appealed.

*Fountain & Fountain and H. H. Philips for plaintiff.*
*Thos. W. Davis, V. E. Phelps, and Spruill & Spruill for defendant.*

DEVIN, J. The appellant assigns as error the denial of its motion for judgment of nonsuit, interposed at the conclusion of plaintiff's evidence and renewed at the close of all the evidence.

The ruling of the trial court on this motion must be sustained. The evidence offered would seem to entitle the plaintiff to have her case submitted to the jury. This is in accord with the decision of this Court in *Saunders v. R. R.,* 185 N. C., 289. While in the *Saunders case, supra,* recovery for a similar injury was denied, the evidence here presented brings the instant case within the principle there set forth and sustains the ruling of the court on the motion of nonsuit. Here the plaintiff, a child of twelve years, was placed under the care of the train conductor by her uncle. The conductor ushered her into the coach and gave her a seat by a window and himself raised the sash. The fact that, under these circumstances, shortly thereafter, following a sudden slackening of the train, the window sash fell and injured the plaintiff, would seem to permit the inference of negligence for the reasons stated in *Saunders*

*v. R. R., supra,* and the authorities there cited. The charge of the court to the jury was free from error.

Since the argument of the case, the defendant has filed motion for a new trial on the ground of newly discovered evidence, based upon verified statements from a number of prospective witnesses whose testimony it alleges it did not discover until after the trial, and of which it was unable to make use in its defense. *Hilton v. Ins. Co.,* 195 N. C., 874; *Johnson v. R. R.,* 163 N. C., 453; *Mottu v. Davis,* 153 N. C., 160.

After due consideration of the motion and affidavits, in connection with the evidence adduced at the trial, and without any intimation as to the sufficiency or the probative effect of the testimony, we are of the opinion that a new trial should be awarded by reason of newly discovered evidence.

In accord with the rule of this Court stated in *Herndon v. R. R.,* 121 N. C., 498, and *Crenshaw v. Street Railway Co.,* 140 N. C., 192, the facts on the motion are not discussed.

New trial.