McClellan *v.* Tennessee Electric Power Co.*

(*Knoxville*, September Term, 1938.)

Opinion filed November 25, 1938.

Rehearing denied January 21, 1939.

*This case reprinted and annotated in 120 A. L. R. 928.

WILKERSON & WILKERSON, of Chattanooga, for plaintiff in error.

BROWN & SPURLOCK, of Chattanooga, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This is a suit for damages to recover for injuries sustained by the plaintiff while riding as a passenger on a bus of the defendant. The case was tried on a stipulation of facts and the trial judge rendered a judgment for defendant, from which the plaintiff appealed in error to this court.

Briefly stated, the facts are that this bus was being operated by defendant as a common carrier and that plaintiff was a passenger thereon. During the progress of the trip, the motorman lost consciousness and consequently lost control of the vehicle. The bus ran out of the highway into a pole on the side of the street, and the shock of this collision threw plaintiff out of his seat on

to the aisle and floor. He sustained somewhat painful injuries for which he sues.

It is agreed that this particular motorman never suffered an attack of this sort before, that previous to the accident and thereafter he passed physical examinations and nothing wrong was found with him. That he had been in the employ of the defendant for some time, and that an examination after the accident disclosing him to be in good physical condition and indicating that his fainting was caused by some temporary condition, he was retained in the defendant's service. The stipulation of facts contains nothing pointing to negligence of the defendant in employing this motorman or retaining him in its service prior to the accident.

Under these circumstances, the defendant insists that it exercised due care in the selection of the operator of this bus, that it had no reason to anticipate that the operator would suffer such an attack and in short that there is nothing to convict the defendant of the slightest negligence.

This case has been submitted by counsel for the parties as though it was a simple case in tort. The case, however, is one by a passenger against a carrier for breach of contract of carriage. Under a number of previous decisions, we think the trial judge reached the wrong conclusion.

In *Pullman Palace Car Company* v. *Gavin,* 93 Tenn., 53, 23 S. W., 70, 21 L. R. A., 298, 42 Am. St. Rep., 902, the court adopted the following from Wood on Master and Servant, Section 321:

"In that class of cases where the master owes certain duties, either to third persons or the public, whether the same arise from contract or statutory obligations, a dif-

ferent rule of liability exists from that which prevails when the liability sounds entirely in tort. When, by contract or statute, the master is bound to do certain things, if he intrusts the performance of that duty to another he becomes absolutely responsible for the manner in which the duty is performed, precisely the same as though he himself had performed it, and that without any reference to the question whether the servant was authorized to do the particular act. Where the master, by contract or operation of law, is bound to do certain acts, he cannot excuse himself from liability upon the ground that he has committed that duty to another, and that he never authorized such person to do the particular act. Being bound to do the act, if he does it by another he is treated as having done it himself; and the fact that his servant or agent acted contrary to his instructions, without his consent, or even fraudulently, will not excuse him." [page 57.]

The case before us seems to fall directly under the authority of *Knoxville Traction Company* v. *Lane*, 103 Tenn., 376, 53 S. W., 557, 46 L. R. A., 549. In that case a female passenger on a street car was wantonly approached and insulted by a motorman who at the time was drunk. Proof for the company showed that the motorman had not been drunk before and that the company was not guilty of any negligence in employing him or retaining him in its service. Not being guilty of any such negligence, it was argued that the Traction Company did not in any sense authorize the injury complained of and did not ratify wrongs perpetrated by its servant and therefore could not be held liable for his unlawful act. Among other things, this court said [page 383]:

"The contract to carry passengers is not one of mere

toleration and duty to transport the passenger on its cars, but it also includes the obligation on the part of the carrier to guarantee to its passengers respectful and courteous treatment, and to protect them, not only from violence and insults from strangers, but also against violence and insults from the carrier's own servants.''

In *Knoxville Traction Co.* v. *Lane* the court approved the language quoted above from *Pullman Palace Car Co.* v. *Gavin, supra.* The quotation just made from *Knoxville Traction Co.* v. *Lane* is reproduced and approved in *Memphis Street Railway Co.* v. *Shaw,* 110 Tenn., 467, 75 S. W., 713, and *Neville* v. *Southern Railroad Co.,* 126 Tenn., 96, 146 S. W., 846, 40 L. R. A. (N. S.), 995.

█ If the obligation of a carrier to its passenger is such as to make it liable for a willful injury inflicted by its servant upon the passenger, such an obligation must also carry liability for an unconscious injury inflicted by the carrier's servant upon the passenger. A willful act and an insensible act of the servant are alike beyond any implied authority of the master in the prosecution of his business. See *Hunt-Berlin Coal Co.* v. *Paton,* 139 Tenn., 611, 202 S. W., 935. The same reasons which have induced this court to hold a carrier liable for wilful torts of its servants require the conclusion that the carrier is liable for the insensible acts or omissions of its servants when such an act or omission is a breach of the contract of transportation. The master himself would be liable for such a breach.

Viewing the case as one in contract, we do not have occasion to consider the liability of the master for a simple tort of his servant committed during a period of unanticipated unconsciousness or mental aberration.

██ In a note to *Neville* v. *Southern Railroad Co.,*

*supra*, as reported in 40 L. R. A. (N. S.), 995, many cases are collected in accord. See also, 10 C. J., 888. The rationale of our decisions which we follow herein is that the carrier as part of its contract of transportation must protect the passenger from all tortious acts of its employees and that for a breach of this contract, however occasioned, a passenger may recover. Commenting on decisions of this and other courts above referred to, it is said, 10 C. J., 889, "While the carrier cannot be regarded as an insurer of the safety of the passenger in all events, under this doctrine it may be regarded as insuring that the passenger will not be injured through the negligent or willful acts of its employees while engaged in performing a duty which the carrier owes to the passenger."

It was stipulated between the parties plaintiff should have recovery for $300 if he was successful in this suit. Judgment for that sum is accordingly entered here, with costs.

### On Petition to Rehear.

A petition to rehear is filed, which proceeds on the idea that the carrier was guilty of no negligence with respect to the employment of the motorman, had no reason to anticipate his lapse of consciousness, and had breached no duty it owed to the plaintiff. This is the same argument made on the hearing and is, in our opinion, not sound.

If this motorman, in possession of his faculties, had, through inattention or carelessness, driven the bus off the road and injured the passenger, his employer would none the less have been liable although the employer had used the highest degree of care in selecting the motorman and had no reason to believe he would ever neglect his duty.

■ In this jurisdiction civil liability is determined by the conduct, not the mental state, of the *tort-feasor*. An insane man is liable for his tort in compensatory damages, although not for punitive damages. *Ward* v. *Conatser*, 63 Tenn. (4 Baxt.), 64. Such is the general rule. Cooley on Torts (4 Ed.), sec. 65.

The negligent act of the motorman in running the vehicle into a pole was still negligence in the eye of the law, although he was unconscious, and petitioner concedes that the carrier insures a passenger against the negligent acts of its servants engaged in the performance of the contract of transportation. Petition to rehear is denied.