MORGAIN v. Y. & M. V. R. R. Co.—172 S. W. (2d) 1013.

Western Section.   February 21, 1941.

Petition for Certiorari denied by Supreme Court, June 28, 1941.

James A. Padgett, of Memphis, for plaintiff in error.

Evans, Evans & Creson, of Memphis, for defendant in error.

KETCHUM, J.   This is an action for damages for personal injuries sustained by the plaintiff as the result of a car window falling on and mashing her hand.  The plaintiff had a ticket which entitled her to passage on one of the defendant's trains from Memphis to Lambert, Mississippi.  She boarded the train at Memphis and took a seat by an open window in a day coach.  After the train had proceeded for several miles and was beyond the Memphis City limits the car window fell and mashed her hand which was resting on the window sill.  It is not known who raised the window or what caused it to fall. The declaration does not charge the defendant with any negligence, and the plaintiff bases her claim for damages entirely upon an alleged breach of contract of carriage.

The cause was heard by the court without a jury.  At the close of the proof the court in a written finding of facts dismissed the plaintiff's action, and her motion for a new trial having been overruled she has appealed in error to this court.

There is no dispute as to the facts.  There is neither allegation nor proof that there was any defect about the window, or its latch or fastenings, or that it was raised by any servant or employee of the defendant and left un-latched.  It is shown that the windows were often raised or lowered by the passengers for their own comfort or convenience, and without any assistance from the members of the train crew.  The proof shows that the window was raised and in a state of rest when the plaintiff

boarded the train, and that it remained in that position until the train had traveled several miles when it suddenly fell. There is no evidence that it fell as the result of any act of the plaintiff in trying to lower it. Her testimony is that her right hand was resting on the window sill and that the window fell without any warning and mashed her hand against the window sill causing the painful injuries for which she sues. Her sole claim is that this was a breach of the contract of carriage which resulted in injury to her and for which the defendant is liable.

The assignments of error challenge the correctness of the conclusions reached by the trial judge upon the foregoing facts, and especially his conclusion that the plaintiff was not entitled to damages for her injuries upon the ground that the defendant had breached its contract to transport her safely as a passenger; and (2) that she was not entitled to recover in the absence of a showing that her injuries were the proximate result of some negligent act of the defendant or its agents, servants or employees.

The plaintiff relies upon the case of McClellan v. Tennessee Electric Power Co., 174 Tenn. 58, 123 S. W. (2d) 822, 120 A. L. R., 928, as a parallel case and controlling here. That was a suit by a passenger against a bus company. In the course of the trip the motorman lost consciousness and consequently lost control of the bus, and it ran off the street and struck a pole and injured the plaintiff. It was held that this was a breach of the contract of carriage although the injury was caused by the unconscious or insensible act of the motorman; and it was held that the defendant was liable to the passenger for the insensible acts of its employee just as it would

be liable for the wilful torts of its servant, as in Pullman Palace Car Co. v. Gavin, 93 Tenn. 53, 23 S. W. 70, 21 L. R. A. 298, 42 Am. St. Rep. 902; Knoxville Traction Co. v. Lane, 103 Tenn. 376, 53 S. W. 557, 46 L. R. A. 549; Memphis St. R. Co. v. Shaw, 110 Tenn. 467, 75 S. W. 713; and Neville v. Southern Ry. Co. 126 Tenn. 96, 146 S. W. 846, 40 L. R. A. (N. S.), 995.

In the McClellan case the liability of the defendant was based upon the ground that the act of motorman in running the bus off the highway and into a pole was a negligent act, although he was unconscious at the time; and in the other cases cited the liability was predicated upon the ground that the carrier was liable for the wilful tortious acts of its employees. And it was said that the same obligation which rendered a carrier liable to its passengers for a wilful injury inflicted by its servants rendered it liable for an unconscious injury inflicted by its servant.

The argument is made that because the window was pushed up and in a state of rest when the plaintiff entered the car, and remained in that position until it fell, it was under the exclusive possession and control of the defendant, and that this being true the burden was upon the defendant to show that there was no defect in the window or frame or latch; in other words, without saying so, the argument seems to be that the rule of res ipsa loquitur applies and that an inference of negligence follows from the mere fact that the window fell.

The answer to this argument is in the fact that the proof shows that the windows on the train were raised and lowered by the passengers at pleasure and were not under the exclusive possession and control of the defendant, and the doctrine of res ipsa loquitur has

no application for this reason. Chadwick v. Louisville & N. R. R. Co., 213 Ky. 831, 281 S. W. 1018, 45 A. L. R. 1537, 1540. Saunders v. Norfolk & W. R. Co., 185 N. C. 289, 117 S. E. 4, 29 A. L. R. 1258, and cases cited in note.

It is the contention of counsel of plaintiff in error that since he is basing his action on a breach of the contract of carriage it is not necessary for him to show any negligence on the part of the defendant. There is not only no averment of negligence in the declaration, but in his opening statement of the case on the trial he stated that ''the suit was on contract, and not on negligence, the plaintiff does not contend that defendant was guilty of any negligence.'' And in his brief, in connection with his argument that this case is controlled by the holding in the McClellan case he says ''there is absolutely no negligence shown in either case.'' Counsel has misconstrued the holding in the McClellan case as is apparent from the statement in the opinion (174 Tenn. at page 64, 123 S. W. (2d) at page 824) that ''the negligent act of the motorman in running the vehicle into a pole was still negligence in the eye of the law, although he was unconscious.''

In the note to the McClellan case as reported in 120 A. L. R., the annotator says, (page 931) : ''It is pointed out in 10 Am. Jur. ''Carriers,'' page 346, sec. 1602, that a passenger injured through the negligence of a carrier may proceed either upon the contract, alleging the careless or negligent acts of the defendant as a breach of the contract of transportation, or proceed in tort and make the carelessness of the carrier the ground of his right of recovery.''

To the same effect see 1 C. J. S., Actions, sec. 49, page 1121.

■ ■ But as we understand it, whether the action be for a breach of the contract of carriage, or in tort, he must show negligence or some breach of duty on the part of the carrier. To use the language of Chief Justice Shields in Southern R. Co. v. Brooks, 125 Tenn. 260, 143 S. W. 62, 63, "Every one who travels on the conveyances of a common carrier assumes some risks, such as are necessarily incident to that mode of travel, and for an injury sustained without the fault or negligence of the carrier there is no remedy."

In Saunders v. Norfolk & W. R. Co., 185 N. C. 289, 117 S. E. 4, 29 A. L. R. 1258, the facts are strikingly similar to those in the instant case. The authorities on the subject are there reviewed at some length and it is said that the rule of res ipsa loquitur had no application and that no inference of negligence could be drawn from the mere fact that the window fell, because it appeared that the window was not under the exclusive control of the defendant.

See also to the same effect Boucher v. Boston & M. R. R. Co., 76 N. H. 91, 79 A. 993, 34 L. R. A. (N. S.), 728, Ann. Cas. 1912B, 847.

We find no error in the judgment of the circuit court and it is affirmed at the cost of the plaintiff in error.

Senter and Anderson, JJ., concur.