## D. J. LAMB v. J. W. BOYLES.

(Filed 17 November, 1926.)

**1. Appeal and Error—Trial—Actions.**

A party may not elect or try his case in the Superior Court upon one theory, and on appeal have the Supreme Court consider it upon a different theory.

**2. Evidence—Res Ipsa Loquitur — Soft Drinks — Injurious Substances Causing Sickness.**

Where the plaintiff seeks to recover damages for sickness caused by the defendant's negligence in selling him ale to drink in a bottle containing a deleterious or injurious substance, it is required of him to show directly by his evidence that such ingredient was contained in the bottle he had bought, and it may not be inferred by the fact that after drinking the ale he became sick and was laid up, the doctrine of *res ipsa loquitur* not applying.

**3. Same—Conflicting Inferences.**

Where the evidence admits of two legal inferences, both in favor of or against the plaintiff, the doctrine of *res ipsa loquitur* is not available to him.

APPEAL by defendant from *Harwood, J.,* at July Term, 1926, of the Superior Court of DAVIDSON County from a judgment on the following verdict:

1. Did the defendant negligently manufacture and distribute ale unfit for human consumption, as alleged in the complaint?

Answer: Yes.

2. If so, was the plaintiff injured in consequence of drinking such ale?

Answer: Yes.

3. What damages, if any, has plaintiff suffered by reason of defendant's wrong?

Answer: $500.00.

*Phillips & Bower, Walser & Walser and Z. I. Walser for plaintiff.*
*Raper & Raper for defendant.*

ADAMS, J. The plaintiff alleges that on 11 December, 1925, he bought from the Amazon Cotton Mill Cafe a bottle of strawberry ale which the defendant had manufactured and placed on the market; that the bottle contained some kind of noxious substance; that while drinking the ale he was taken sick and in consequence was confined to his bed

for several days; that his vision was impaired; that for many weeks he was unable to do his usual work; that the defendant negligently prepared and sold an unwholesome drink, and that the defendant's negligence was the direct cause of the plaintiff's injury. In the answer the material allegations in the complaint are denied and it is alleged that all known precautions were applied to sterilize the bottles and that the bottle in question did not contain anything that was pernicious or harmful.

There is an allegation in the complaint that the ale was prepared for use as a beverage and that there was an implied warranty of its quality; but the basis of the action is the alleged negligence of the defendant in putting the ale into a bottle containing a deleterious substance. As shown by the issues the case was tried upon this theory; and when a party has elected to try his case on a particular theory he may not change his position with respect to it when the case is heard in the appellate court. *Walker v. Burt,* 182 N. C., 325.

The chief assignment of error is addressed to the refusal of the trial court to dismiss the action as in case of nonsuit. Testimony offered by the plaintiff as to other alleged acts of negligence on the part of the defendant was held not to be admissible as substantive evidence on the first issue and as such it was accordingly excluded. The motion for nonsuit was made to rest, not on the ground of the defendant's nonliability if he was negligent, but on the ground that the admitted evidence does not show actionable negligence. *Ramsey v. Oil Co.,* 186 N. C., 739; *Cashwell v. Bottling Works,* 174 N. C., 324; *Ward v. Sea Food Co.,* 171 N. C., 33; *Dail v. Taylor,* 151 N. C., 285; *Oil Co. v. Deselms,* 212 U. S., 159, 53 L. Ed., 453; 26 C. J., 784, sec. 92 *et seq.*

The evidence most favorable to the plaintiff tends to show that after drinking about half of the ale he became sick, went outside the cafe, vomited, was carried home, was not able to work, suffered from impaired eyesight and for one or two days was blind. There was no analysis of the ale, no direct evidence of any foreign matter, no specific indication of any poison. Negligence is not presumed from the mere fact that the plaintiff was injured *(Isley v. Bridge Co.,* 141 N. C., 220), and there is no evidence of a latent defect actually or constructively known to the defendant. In the absence of more definite evidence of negligence the plaintiff resorts to the doctrine founded on the maxim *res ipsa loquitur,* insisting that the circumstances of his sickness were of such a character as would justify a jury in inferring negligence as the cause of his condition. "The rationale of the doctrine is that in some cases the very nature of the occurrence may of itself, and through the presumption it carries, supply the requisite proof; it is applicable

LAMB v. BOYLES.

when, under the circumstances shown, the accident presumably would not have happened if due care had been exercised. The essential import is that on the facts proved, the plaintiff has made out a prima facie case without direct proof of negligence." Labatt on Master and Servant, sec. 843. Several courts have held in effect that the doctrine is not applicable to such facts as were developed in this case. Proof of personal injury resulting from the use of an article sold or manufactured does not of itself make a case of negligence against the seller or the manufacturer. 20 R. C. L., 94. Ordinarily other elemental facts are essential. This was pointed out in *Dail v. Taylor,* 151 N. C., 285. There the Court declined to apply the maxim to proof of an injury caused by the explosion of a coca-cola bottle charged with gas, *Hoke, J.,* remarking that the facts presented a case where it would be entirely unsafe to permit the application of the principle, or to hold that the explosion of one bottle should rise to the dignity of legal evidence sufficient, without more, to carry the case to the jury. The principle is maintained in the later case of *Cashwell v. Bottling Works,* 174 N. C., 324. See *Saunders v. R. R.,* 185 N. C., 289.

In *Bottling Co. v. Sindell,* 140 Md., 488, cited by the plaintiff, the evidence disclosed broken glass in the bottle and the question was whether proof of the glass was evidence of negligence. Questions somewhat similar were presented in *Boyd v. Bottling Works,* 177 S. W. (Tenn.), 80; *Crigger v. Bottling Co.,* 60 L. R. A. (Tenn.), 877; and *Bottling Co. v. Clark,* 89 So. (Ala.), 64. The Massachusetts Supreme Judicial Court has said that the mere presence of a small, flat-headed black tack in a blueberry pie served to a patron by the keeper of a restaurant does not, under the rule *res ipsa loquitur,* establish negligence on the part of the keeper, although the pie was made on his premises. *Ash v. Dining Hall Co.,* 231 Mass., 86, 4 A. L. R. 1556.

In the case at bar there is no evidence that any foreign substance was discovered in the ale or in the bottle. It is too plain for argument that more than one inference may be drawn from the evidence as to the cause of the plaintiff's sickness; and under the circumstances disclosed, as suggested in *Dail v. Taylor, supra,* it would be unsafe to permit the plaintiff to avail himself of the doctrine that the "thing itself speaks." The defendant's motion to dismiss should have been allowed.

Error.