MRS. ELLIE ALEXANDER SPRINGS v. MARY MATTHEWS DOLL.

(Filed 22 May, 1929.)

1. **Negligence A b—Question of whether doctrine of res ipsa loquitur applies is one of law.**

   The question of whether the doctrine of *res ipsa loquitur* applies to a given state of facts is one of law for the court, and when facts upon which the doctrine applies are established the reasonableness of defendant's explanation is for the jury. The principles upon which this doctrine rests discussed by BROGDEN, J.

2. **Same—Doctrine of res ipsa loquitur does not apply in this case involving injury from skidding automobile.**

   Upon evidence tending to show that the plaintiff as an invited guest was riding in the defendant's car with the defendant driving, and that the latter was forced from the highway by a truck negligently driven thereon,

causing her car to skid on the wet road, which resulted in the injury in suit, the doctrine of *res ipsa loquitur* does not apply, and the jury's verdict that the defendant was not guilty of negligence is upheld under the facts of this case.

CIVIL ACTION, before *Harding, J.*, at October Term, 1928, of MECK-LENBURG.

On 17 January, 1928, the plaintiff was invited by the defendant to ride in her automobile from Lincolnton to Charlotte. The defendant was driving the car and the plaintiff was seated in the back seat. After proceeding some distance rain began to fall and the road became a little wet. A large moving van was approaching the defendant and was traveling in the middle of the road with the front wheels on the white center line on the pavement and the body of the truck protruding beyond the center of the road.

The defendant testified: "I pulled to the extreme right of the road to avoid hitting the truck, and in doing that my front wheels left the paving and in coming back, trying to straighten myself in the road, my car skidded and I put on my brakes, and my car turned and went up an embankment and turned over."

Plaintiff testified: "We saw a truck coming. She moved over just a little to let the truck pass and after it passed she seemed to have lost control of her car. The car began jumping and pitching and started up an embankment and turned back and then turned over. . . . As to how high the embankment was I might say it was eight feet. I didn't take special notice of that. . . . I was not paying any attention to the speed. I have ridden with Miss Doll several times. . . . I said I had no criticism to make at all as I am no judge of driving."

There was evidence relating to serious injury sustained by the plaintiff.

Issues of negligence, contributory negligence and damages were submitted to the jury, and the first issue as to negligence of the defendant was answered in the negative.

From judgment upon the verdict the plaintiff appealed.

*John M. Robinson and Hunter M. Jones for plaintiff.*
*C. H. Gover for defendant.*

BROGDEN, J. Does the principle of *res ipsa loquitur* apply to the skidding of an automobile resulting in injury to a passenger?

The principle of *res ipsa loquitur* has been frequently stated in various decisions of this Court and of other courts, and therefore requires no restatement or elaboration. There are, however, certain well estab-

lished exceptions or limitations to the application of the rule. The most important of these exceptions or limitations may be classified as follows:

(1) The apparatus must be such that in the ordinary instances no injurious operation is to be expected, unless from a careless construction, inspection or user; (2) both inspection and user must have been, at the time of the injury, in the control of the party charged; (3) the injurious occurrences must have happened irrespective of any voluntary action at the time by the party injured. *Stewart v. Carpet Co.,* 138 N. C., 60, 50 S. E., 562.

The principle does not apply: (1) when all the facts causing the accident are known and testified to by the witnesses at the trial, *Baldwin v. Smitherman,* 171 N. C., 772, 88 S. E., 854; *Orr v. Rumbough,* 172 N. C., 754, 90 S. E., 911; *Enloe v. R. R.,* 179 N. C., 83, 101 S. E., 556; (2) where more than one inference can be drawn from the evidence as to the cause of the injury, *Lamb v. Boyles,* 192 N. C., 542, 135 S. E., 464; (3) where the existence of negligent default is not the more reasonable probability, and where the proof of the occurrence, without more, leaves the matter resting only in conjecture, *Dail v. Taylor,* 151 N. C., 284, 66 S. E., 135; (4) where it appears that the accident was due to a cause beyond the control of the defendant, such as the act of God or the wrongful or tortious act of a stranger, *Heffler v. Northern States Power Co.,* 217 N. W., 102, 25 A. L. R., 713, note 2; (5) when the instrumentality causing the injury is not under the exclusive control or management of the defendant, *Saunders v. R. R.,* 185 N. C., 289, 117 S. E., 4; (6) where the injury results from accident as defined and contemplated by law.

In the case at bar it does not appear that there was any defect in the automobile or that it was operated at an excessive rate of speed or in any other negligent or careless manner. Therefore, the mere skidding of the automobile, causing it to run upon the embankment and turn over, is the sole basis of the claim of the plaintiff.

The general rule is stated in Huddy on Automobiles (7 ed.), sec. 373, as follows: "The mere fact of the skidding of a car is not of itself such evidence of negligence as to render the owner liable for an injury in consequence thereof." This proposition of law is amply supported by the authorities cited. Thus in *Linden v. Miller,* 177 N. W., 909, the Court said: "Skidding may occur without fault, and when it does occur it may likewise continue without fault for a considerable space and time. It means partial or complete loss of control of the car under circumstances not really implying negligence. Hence plaintiff's claim that the doctrine of *res ipsa loquitur* applies to the present situation is not well founded. In order to make the doctrine of *res ipsa loquitur* apply, it must be held that skidding itself implies negligence. This it does not

do. It is a well known physical fact that cars may skid on greasy or slippery roads without fault either on account of the manner of handling the car or on account of its being there." *Williams v. Holbrook,* 103 N. E., 633, 5 A. L. R., 1240; 12 A. L. R., 688; *Bartlett v. Town Taxi Co.,* 160 N. E., 797.

It cannot be reasonably contended that the loss of control of an automobile by the driver thereof is, under all circumstances, sufficient evidence of negligence to carry the case to the jury. His control is limited by the condition of the pavement and by the negligence and unexpected acts and conduct of other drivers of vehicles. Moreover, all the facts are known and testified to by the witnesses, and all sources of information were as accessible to the plaintiff as to the defendant.

Indeed, some courts have held that the doctrine of *res ipsa loquitur* is to be used sparingly and to be invoked only when the facts and the demands of justice make its application essential. *Heffter v. Northern States Power Co., supra; Riggsby v. Tritton,* 129 S. E., 493.

We do not hold that the principle of *res ipsa loquitur* does not apply to any given state of facts involving injuries flowing from the use of automobiles, but we do hold that the principle is not applicable to the facts disclosed by this record. Upon admitted or proven facts the question as to whether the principle applies is a question of law for the court in the first instance; but, if upon such facts, the principle is applicable, the reasonableness of the explanation made by the defendant is for the jury.

No error.