Civil action in tort to recover damages for personal injuries.
On Sunday, 27 April, 1941, plaintiff and defendant, brothers, were returning to Whitakers, N.C. from Bellamy's Mill in an automobile owned and operated by defendant. Defendant was driving about 35 miles per hour on a dirt road. As they approached an intersection or fork in the road defendant passed another vehicle going about 20 miles per hour. "He swerved around that car and ran into that intersection and lost control of the car and ran in the ditch (on the right) and the car turned over. He crossed the intersection and was making the bend to the left and the speed he couldn't make it and hit the bank on the right side. After you crossed the intersection the road curves to the left." The car ran into the drain ditch and turned over. Plaintiff suffered substantial injuries.
Defendant passed the car before reaching the intersection and the car turned over 100 to 150 feet beyond the intersection. It was dusty at the time.
Defendant offered evidence tending to show that as he crossed the intersection his car hit a "kinder" bump, went to the right and stayed on the right-hand side until the accident occurred. He tried to turn back to the middle of the road but could not. He does not know why. He applied his brakes "but they did not seem to take hold." There was judgment of nonsuit and plaintiff appealed. *Page 618 
On this record the testimony tending to show that the accident occurred near an intersection is immaterial. Statutory regulation of speed at intersections has for its purpose the protection of those who are in, entering, or about to enter, the intersecting highway. Sec. 103, ch. 407, Public Laws 1937. This accident occurred some distance from the intersection. While the defendant's speed is a circumstance to be considered, that he may or may not have been exceeding the limit prescribed for intersections has no causal connection with the subsequent occurrence.
Nor is there any evidence that the dust interfered with the vision of defendant. He passed the other car in order to avoid its inconvenience. This evidence, except as one of several circumstances, does not tend to show negligence.
Is there, then, any sufficient evidence of want of due care, requiring the submission of the cause to a jury?
The statute prohibits the operation of a motor vehicle without due caution and circumspection or at a speed or in a manner so as to endanger or be likely to endanger, any person or property, section 102, ch. 407, Public Laws 1937, or at a speed greater than is reasonable and prudent under the conditions then existing. Sec. 103, ch. 407, Public Laws 1937. Plaintiff's complaint, liberally construed, alleges a violation of these provisions of our Motor Vehicle Law. We are constrained to hold that he has offered evidence tending to support the allegation.
Generally, a defendant's negligence will not be presumed from the mere happening of an accident, but, on the contrary, in the absence of evidence on the question, freedom from negligence will be presumed. Even so, "it has never been suggested that evidence of negligence should be direct and positive. In the nature of the case, the plaintiff must labor under difficulties in proving the fact of negligence, and as that fact is always a relative one it is susceptible of proof by evidence of circumstances bearing more or less directly on the fact of negligence — a kind of evidence which might not be satisfactory in other classes of cases open to clear proof." Dail v. Taylor, 151 N.C. 284, 65 S.E. 1101.
Direct evidence of negligence is not required, but the same may be inferred from facts and attendant circumstances; and if the facts proved establish the more reasonable probability that the defendant has been guilty of actionable negligence, the case cannot be withdrawn from the jury, though the possibility of accident may arise on the evidence.Fitzgerald v. R. R., 141 N.C. 530; Dail v. Taylor, supra. *Page 619 
There are instances where this requirement is met by simply proving the occurrence and the resulting injury. "Though mere accident is not proof of negligence, some accompanying elemental facts may, under ruling by the Court, afford room for the jury to infer that the negligence of the defendant caused the injury." Chaisson v. Williams, 156 A. 154.
Hence, this rule has been formulated and generally followed: When a thing which caused an injury is shown to be under the control and operation of the party charged with negligence and the accident is one which, in the ordinary course of things, will not happen if those who have such control and operation use proper care, the accident itself, in the absence of an explanation by the party charged, affords some evidence that it arose from want of proper care. 9 (part 2) Blashfield, sec. 6043, p. 306; Sherman 
Redfield, Negligence (4d), sec. 59; Jaggard, Torts, 938; Roberts v. EconomyCabs, 2 N.E.2d 128; Smith v. Kirby, 178 A. 739; Morrow v. Hume,3 N.E.2d 39; Zwich v. Zwich, 163 N.E. 917; Howard v. Texas Co.,205 N.C. 20, 169 S.E. 832; Anno. 64 A.L.R., 255; Feldman v. ChicagoRailways Co., 6 A.L.R., 1291.
The rule permits the jury, but not the court, to draw an inference of negligence. In other words, it is a circumstance from which the jury may, but is not compelled to, infer a want of due care. Howard v. Texas Co.,supra; Hinnant v. Power Co., 187 N.C. 288, 121 S.E. 540. The inference, sometimes referred to as a presumption, yields to contrary proof — the weight of the inference as well as the weight of the explanation offered to meet it (when in dispute) being for the jury. Schovanner v.Toelke, 163 N.E. 493; Blashfield, supra, p. 303.
The rule has found limited application in automobile cases. It applies when the accident is one which does not happen in the ordinary course of events where reasonable care is used, Lamb v. Boyles, 192 N.C. 542,135 S.E. 464, and the cause of the accident or the loss of control resulting in the accident, such as an obstruction in the road, a flat tire, or skidding, does not affirmatively appear.
It does not apply where the evidence discloses that the injury might have occurred by reason of the concurrent negligence of two or more persons, or that the accident might have happened as a result of one or more causes, or where the facts will permit an inference that it was due to a cause other than defendant's negligence as reasonably as that it was due to the negligence of the defendant, or where the supervening cause is disclosed as a positive fact — and skidding, Springs v. Doll, 197 N.C. 240,148 S.E. 251, Anno. 64 A.L.R., 261, or a puncture or blowout,Clodfelter v. Wells, 212 N.C. 823, 195 S.E. 11; Giddings v. Honan, 79 A.L.R., 1215; Ingle v. Cassady, 208 N.C. 497, 181 S.E. 562, is *Page 620 
such fact. Blashfield, supra, sec. 6046. When the supervening cause appears as an affirmative fact it never applies. No inference of negligence then arises from the fact of accident or injury.
As stated by Brogden, J., in Springs v. Doll, supra, it does not apply "(1) when all the facts causing the accident are known and testified to by the witnesses at the trial, Baldwin v. Smitherman, 171 N.C. 772,88 S.E. 854; Orr v. Rumbough, 172 N.C. 754, 90 S.E. 911; Enloe v. R. R.,179 N.C. 83, 101 S.E. 556; (2) where more than one inference can be drawn from the evidence as to the cause of the injury, Lamb v. Boyles,192 N.C. 542, 135 S.E. 464; (3) where the existence of negligent default is not the most reasonable probability, and where the proof of the occurrence, without more, leaves the matter resting only in conjecture, Dail v. Taylor,151 N.C. 284, 66 S.E. 135; (4) where it appears that the accident was due to a cause beyond the control of the defendant such as the act of God or the wrongful or tortious act of a stranger, Heffter v. Northern StatesPower Co., 217 N.W. 102, 25 A.L.R., 713, note 2; (5) when the instrumentality causing the injury is not under the exclusive control or management of the defendant, Saunders v. R. R., 185 N.C. 289,117 S.E. 4; (6) where the injury results from accident as defined and contemplated by law."
Applying the rule in Baker v. Baker, 124 So. 740, the Court said: "In the absence of obstructions, defect in the road or car or other supervening cause, the wreck of a car under the circumstances disclosed (overturned on curve) readily warrants an inference of negligence in operation."
In Tabler v. Perry, 85 S.W.2d 471, it was held that the inference of negligence is from the fact that the automobile is driven in such manner and with such lack of control that it leaves the proper part of highway safe for travel and encounters or creates dangers to persons, whether such persons are occupying the automobile or are near or along the highway.
In Nassar v. Interstate Motor Freight System, 16 N.E.2d 832, the Court concluded that where the evidence discloses that a truck, without coming in contact with any obstacle, left the highway and plunged into a creek, and the cause for its so doing and the circumstances connected therewith preclude the finding as a matter of law that the driver was not negligent, explanation is called for. Feldman v. Chicago Ry. Co.,289 Ill. 25;Masten v. Cousins, 216 Ill. App. 268.
"It is well settled in Virginia, and generally held, that when an automobile leaves a public driveway and injures a pedestrian on the sidewalk, the fact itself creates a presumption of negligence and casts upon the defendant the burden of showing that there was no negligence."Bromm Baking Co. v. West, 186 S.E. 289. *Page 621 
The following cases are among the many in which the rule was held to apply on proof of facts similar to those here disclosed: Mansfield v.Pickwick Stages Northern Division, 229 P. 890 (motor bus left paved highway and ran into gulch); Lawrence v. Pickwick Stages Northern Division,229 P. 885 (bus left paved highway, ran into ditch and overturned);Bower Auto Rent Co. v. Young, 274 S.W. 295 (auto ran off road and overturned); Morrow v. Hume, 3 N.E.2d 39 (auto left road and collided with telephone pole); Masten v. Cousins, supra (auto being driven at about 40 m.p.h. left road and ran into tree); Rindge v. Holbrook, 149 A. 231
(auto ran off road and into fence); Kinary v. Taylor, 276 N.Y. S., 688 (auto left highway and struck telephone pole); Zwich v. Zwich,163 N.E. 917 (auto left road and ran into telephone pole at street corner); Nassar v. Interstate Motor Freight System, 16 N.E.2d 832
(vehicle left road and ran into creek); Baker v. Baker, 124 So. 740
(auto overturned on curve); Goss v. Pac. Motor Co., 259 P. 455 (truck was diverted from main course and ran upon the sidewalk, struck down a lamp post and injured a pedestrian); Harke v. Haase, 75 S.W.2d 1001
(car left street and struck person on sidewalk); Francisco v. CircleTours Sight-Seeing Co., 265 P. 801 (car ran off road into drain ditch and hit bank); Seney v. Pickwick Stages Northern Division,255 P. 279; Tabler v. Perry, supra (car left road and ran into ditch).
The evidence offered by plaintiff meets all the requirements of the rule, and, without more satisfactory explanation than that contained in this record, permits an inference of negligence.
The defendant was in control of and was operating the automobile. He was traveling about 35 m.p.h. The road was in good condition and his car was free from any disclosed mechanical defect. Even so, his automobile left the traveled portion of the highway, ran into the drain ditch and overturned. He struck the bump at the intersection. The accident happened some distance away and he does not say that the bump caused him to lose control of his car. The evidence offered does not disclose the cause of the loss of control and resulting wreck as a definite fact.
Such an occurrence does not usually happen in the absence of negligence on the part of the one in the control of an automobile. On the contrary, an automobile being operated with due care and circumspection under the conditions as they then exist and at a reasonable rate of speed, in the absence of some explainable cause, will remain upright and on the traveled portion of the highway. Surely the accident was not one which happens in the ordinary course of things. It was not a natural or unusual result of careful driving. The inference that it resulted from the want of due care is reasonable and is more than mere speculation or conjecture. *Page 622 
The fact that an inference of negligence may be drawn from the evidence does not shift the burden but merely constitutes evidence defendant is required to meet or risk an adverse verdict. All that is required of him is to produce evidence acceptable to the jury sufficient to meet the effect of the plaintiff's showing. He is not required to offset it by a preponderance of evidence. Stewart v. Carpet Co., 138 N.C. 60; White v. Hines,182 N.C. 275, 20 R. C. L., 185, sec. 156; Eaker v. Shoe Co., 199 N.C. 379,154 S.E. 667; Seney v. Pickwick Stages Northern Division, 255 P. 279;Roberts v. Economy Cabs, supra.
Our conclusion here is not in conflict with former decisions of this Court. Defendant's evidence does not disclose a flat tire, Clodfelter v.Wells, supra; Ingle v. Cassady, supra, or other mechanical defect creating an emergency. Nor does it disclose skidding as in the line of cases represented by Springs v. Doll, supra. It does not tend to explain or to show any condition or circumstance which produced the unfortunate resultnon constat due care on his part.
As said in the Doll case, supra, "skidding may occur without fault, and when it does occur it may likewise continue without fault for a considerable space and time . . . It is a well known physical fact that cars may skid on greasy or slippery roads without fault either on account of the manner of handling the car or on account of its being there." Hence, it was held that mere skidding will not permit the inference of negligence. That and similar cases are not controlling here.
The evidence offered by plaintiff raises an issue of fact for the jury. The judgment of nonsuit is
Reversed.