BARBARA JEANE EDWARDS, BY HER NEXT FRIEND, W. DORTCH LANGSTON, v. I. G. CROSS.

(Filed 21 March, 1951.)

1. **Automobiles § 18h (2)—Evidence of frontal collision with child where vision was unobstructed held for jury on issue of negligence.**

Evidence tending to show that a six-year-old child was struck by the front of a car owned and operated by defendant as the child was crossing the highway along an intersecting farm road plainly visible to a motorist on the highway, that the highway was straight for a quarter of a mile with nothing to obstruct the view of a motorist, and that the driver did not slacken speed or sound his horn before the collision and failed to stop afterwards, although he slackened speed after traveling a short distance after the impact, and was nervous when later apprehended and questioned about the occurrence, *is held* sufficient to be submitted to the jury upon the issue of defendant's negligence.

**2. Automobiles § 18g (6)—**

> Defendant's failure to stop after hitting a pedestrian, G.S. 20-166, and his nervousness upon being later apprehended and questioned about the accident, permits the inference of conscious wrong or dereliction on his part, and is some evidence that he was guilty of negligence in the operation of the vehicle.

**3. Negligence § 19b (1)—**

> While no inference of negligence arises from the mere fact of an accident or injury, where the thing causing injury is shown to be under the control and operation of defendant and the accident is one which does not occur in the ordinary course of things if due care is exercised, the accident itself, in the absence of some explanation by defendant, affords some evidence of negligence.

APPEAL by plaintiff from *Carr, J.,* August-September Term, 1950, of WAYNE.

Civil action to recover damages for an alleged negligent injury.

The record discloses that on the afternoon of 7 October, 1947, Barbara Jeane Edwards, an infant six years of age, left her mother at a tobacco barn, after returning from school, and started to their home across the highway approximately 120 yards away. A well-beaten path, or farm road, plainly visible to a motorist on the highway, ran from the house to the barn. The plaintiff was struck by an automobile and seriously injured while attempting to cross the highway. Her back and left leg were broken; she was knocked unconscious and remained so for twenty-four hours. "It was two or three days before she knew anything like she did before." There is evidence permitting the inference that the defendant, driving his black, two-door Chevrolet Sedan, was the motorist who struck the plaintiff. He was traveling in the direction of Goldsboro. While the record is silent as to the speed of the car or just how the injury occurred, it is in evidence that the motorist did not slacken his speed or sound his horn before striking the plaintiff; nor did he stop to identify himself or to render any assistance after the injury, albeit a short distance up the road, while still in sight, he reduced his speed and it appeared that he was preparing to stop, but he never did. The plaintiff was found "lying right middle way of the road."

The sound of the impact when the car struck the plaintiff was loud enough to attract the attention of plaintiff's mother, some fifty yards away. The road was straight at this point for a quarter of a mile with nothing to obstruct the view of a motorist. It was "drizzly rain, misty-like," at the time. No other traffic was on the road, except a truck following the Chevrolet Sedan some distance away, or "a few minutes" behind, which stopped but would not carry the plaintiff to the hospital. The defendant was quite nervous and ill at ease when later apprehended and questioned about the occurrence.

From judgment of nonsuit entered at the close of plaintiff's evidence, she appeals, assigning errors.

*Scott B. Berkeley and Hugh Dortch for plaintiff, appellant.*
*J. Faison Thomson for defendant, appellee.*

STACY, C. J. The question for decision is whether the evidence, taken as true and in its most favorable light for the plaintiff, together with the reasonable intendments and legitimate inferences fairly deducible there-from, suffice to overcome the demurrer and to carry the case to the jury on the issue of defendant's negligence. The trial court answered in the negative. We are inclined to a different view.

The evidence clearly permits the inference that the defendant was the motorist who struck the plaintiff; that the extent and character of the injuries inflicted appear to indicate a frontal contact or collision, rather than a side-swiping occurrence; that the automobile he was driving was his and under his control and operation; that he had a clear vision of the beaten path or farm road crossing the highway; that nothing inter-fered with his seeing the plaintiff, if he were looking or keeping a proper lookout; that his failure to sound his horn or to slacken his speed permits the inference that his attention was diverted from the road ahead and the plaintiff's presence thereon; and that his failure to stop as required by statute, G.S. 20-166, or immediate flight from the scene of the injury, affords sufficient evidence of conscious wrong, or dereliction on his part, to warrant the jury in so concluding. *S. v. Foster,* 130 N.C. 666, 41 S.E. 284; *Etheridge v. Etheridge,* 222 N.C. 616, 24 S.E. 2d 477. His better judgment almost persuaded him to stop a short distance up the road, but the impulse was not quite strong enough. Doubtless he could see, and did see through his rear-view mirror, the plaintiff's body lying motionless in the middle of the road and her mother frantically calling for assistance and trying to help her. This could have added to his nervousness when later apprehended and charged with the offense. The jury may ascribe such uneasiness to his appreciation and knowledge of guilt. Actions are sometimes just as vocative as words and often more reliable or trustworthy. Language can be used to conceal thought as well as to express it.—Voltaire

By rendering the plaintiff unconscious and running away the motorist has forced her to rely on circumstantial evidence. The battle may be an unequal one, but the plaintiff says it is not yet hopeless. She is still pressing her claim.

The applicable rule is stated by *Barnhill, J.,* in the last cited case, *Etheridge v. Etheridge,* as follows: "When a thing which caused an injury is shown to be under the control and operation of the party

charged with negligence and the accident is one which, in the ordinary course of things, will not happen if those who have such control and operation use proper care, the accident itself, in the absence of an explanation by the party charged, affords some evidence that it arose from want of proper care."

This was followed in *Boone v. Matheny,* 224 N.C. 250, 29 S.E. 2d 687, and *Wyrick v. Ballard Co.,* 224 N.C. 301, 29 S.E. 2d 900.

The case of *Mills v. Moore,* 219 N.C. 25, 12 S.E. 2d 661, is not at variance with our present position. There, a child not quite nineteen months of age, was struck by a passing Chevrolet truck and killed. The scene of the injury was in the road immediately adjacent to the home of the child's parents. No one saw the child in the road prior to the injury. The driver of the truck was not aware of the child's presence. The more likely occurrence was that the child ran under the truck behind the cab, or after the driver's vision was cut off. We think the case of *Yokeley v. Kearns,* 223 N.C. 196, 25 S.E. 2d 602, is more nearly in point in factual situation than the *Mills Case.*

It is true no inference of negligence arises from the mere fact of an accident or injury. *Mills v. Moore, supra; Lamb v. Boyles,* 192 N.C. 542, 135 S.E. 464; *Isley v. Bridge Co.,* 141 N.C. 220, 53 S.E. 841. Here, however, we have something more than the plaintiff's injury. *Etheridge v. Etheridge, supra.* We think the circumstances are such as to warrant the submission of the issues to the jury; the facts shown seem to make out a *prima facie* case. The twelve will say how it is.

Reversed.