EDNA HENSLEY v. PRISCILLA HARRIS, PAUL O. LAMB AND PAUL T. LAMB.

(Filed 21 September, 1955.)

**Trial § 17—**

Exception to the admission of a document on which appeared the summons, affidavit, warrant of attachment, and return of the officers, offered for the purpose of showing that the action was instituted within one year from the accident in order to claim the benefits of G.S. 20-71.1, is not sustained, it appearing that appellant did not move that the admission of the document be limited, and it not appearing that the contents of the writ of attachment were read to the jury.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.

APPEAL by defendant Paul T. Lamb from *Nettles, J.,* April Term, 1955, BUNCOMBE.

Civil action to recover compensation for damages to plaintiff's cafe building.

An automobile belonging to the appellant and occupied by the infant defendants, while traveling north on Highway 19-23, cut to the left, crossed the south lane of traffic and the shoulder of the road, and crashed into plaintiff's building. There was judgment for plaintiff and defendant Paul T. Lamb appealed.

*E. L. Loftin for plaintiff appellee.*
*Harkins, Van Winkle, Walton & Buck for defendant appellant.*

PER CURIAM. Plaintiff produced ample evidence to require the submission of issues to a jury. *Etheridge v. Etheridge,* 222 N.C. 616, 24 S.E. 2d 477. To claim the benefits of G.S. 20-71.1, it was necessary for the plaintiff to show that she instituted her action within twelve months after the accident. For this purpose she offered the paper or document on which appeared the summons, the affidavit, the warrant of attachment, and the return of the officers. Appellant did not move that the admission of the document be limited to this purpose, and it does not appear in the record that the contents of the writ of attachment were ever read to the jury. Exception thereto is without merit.

The defendant has had a fair trial in which the court made a commendably accurate application of the provisions of G.S. 20-71.1, and the jury has decided the facts adverse to the defendant. As no reversible error is made to appear, the judgment entered in the court below must be

Affirmed.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.