ANNIE LEA v. CAROLINA POWER AND LIGHT COMPANY.

(Filed 22 May, 1957.)

**1. Negligence § 3½ —**

　　Where injury results from a thing under the exclusive management and control of defendant and the accident is one which does not happen in the ordinary course of things if those in control use proper care, the circumstance of injury affords some evidence of negligence and is a sufficient mode of proof, in the absence of explanation by defendant, to carry the case to the jury on the issue of negligence under the doctrine of *res ipsa loquitur*, without affecting the burden of proof upon the issue.

**2. Same—**

　　The doctrine of *res ipsa loquitur* does not apply when the facts causing the accident are known and testified to, where more than one inference may be drawn from the evidence as to the cause of injury, where the existence of negligent default is not the more reasonable probability, where it appears that the accident was due to a cause beyond the control of defendant, where the instrumentality causing the injury is not under the exclusive control of defendant, or where the injury results from an accident as defined by law.

**3. Same: Electricity § 7—**

Where the evidence discloses that the electrifying of a water pipe causing injury to plaintiff was due to the fact that a third person felled a tree, which struck and broke a power line, the doctrine of *res ipsa loquitur* does not apply in an action against the power company.

**4. Electricity § 7—**

The law imposes the duty upon a power company to exercise the utmost care and prudence consistent with the practical operation of its business to avoid injury from its high tension lines.

**5. Same—**

A right of way agreement empowering a utility to cut away all trees and obstructions that might in any way endanger the proper maintenance and operation of its power line does not impose the duty upon the power company to cut down a sound tree on or near its line which in no way interferes with its operation and maintenance thereof, solely because the tree is of sufficient height to strike the power line if cut down and felled in that direction, and the power company may not be held liable for injuries resulting from such action by a stranger, since it is not required to anticipate negligence on the part of others.

APPEAL by plaintiff from *Sink, E. J.,* November Term 1956 of CASWELL.

This is a civil action instituted by the plaintiff to recover for injuries allegedly sustained as a result of the defendant's negligence.

The plaintiff, Annie Lea, with her husband and family, on 13 December 1955, and for two years prior thereto, lived in a tenant house on the farm of C. V. McKinney as agricultural tenants. The first story of the house, designated as the basement, was constructed of cinder blocks and the floor was of concrete, laid directly on the ground. The plaintiff did her cooking in the basement and the family also used it for a dining room. Water was piped into the basement by an electric pump from a well about 40 feet deep, located approximately 40 yards from the house. The pipe ran underground from the well until it reached the basement, it then ran around the top of the basement on one side and around one end about half way, then directly down the wall to where a spigot was attached from which the plaintiff and the family obtained water. There was no sink or lavatory under the spigot. The living room and sleeping quarters were upstairs in the second story frame structure of the house.

The plaintiff, her husband and family, had lived in the house about two years in the same condition as to the water pipes and the electric wiring as existed on 13 December 1955, the date of plaintiff's injury. On that date, about 12:30 p.m., the plaintiff, who was alone in the house, had a pail in one hand and placed her other hand on the spigot for the purpose of running water into the pail—she was standing on the

concrete floor—and upon touching the spigot she was hurled to the floor in an unconscious condition where she remained in such condition for about two hours.

On the same day and about the same time plaintiff sustained her injury, Jesse Moorefield, son of Arthur W. Moorefield, Sr., cut down a tall poplar tree, about 75 feet in height and about 22 inches in diameter at the stump, which fell across the power line and broke or otherwise damaged the wires leading through the Moorefield farm to the McKinney house and farm.

Plaintiff's evidence tends to show that shortly after her injury it was observed that the transformer on the pole located about 150 feet from plaintiff's house was upside down; the wires were down, either laying on or near the ground. The house was wired in 1949 by a licensed electrician employed by the owner of the house. The defendant's connection was made on the outside of the house near the gable on the west end of the residence. No member of plaintiff's family had been shocked by any electric current in the use of the lights or fixtures in the house prior to the time of plaintiff's injury. The water was not piped into the house until a year or two after the house was built and wired for electricity. The electrician who wired the house testified "If the water pipe had been there, I would have grounded for that, every time; it is the better practice."

Allen Smith testified that between 12:00 and 12:30 p.m. on 13 December 1955 he was traveling on the Bigelow Road, proceeding toward Yanceyville from the direction of the residence of A. W. Moorefield, Sr. ". . . I was driving about 35 or 40, maybe 45, and all at once a wire popped in my face; just before I hit the wire I laid over in the seat and the wire stopped me . . . the wire hooked under the two headlights and broke those and the windshield and the Chevrolet designs on the front and bent the hood of the car and scratched it all the way back." This was the line that led from the defendant's main line across the Moorefield property to the house where the plaintiff lived.

The defendant had a right of way across the Moorefield land which, among other things, gives it the right "at all times to cut away and keep clear of said line all trees and other obstructions that may in any way endanger the proper maintenance and operation of the same."

At the close of plaintiff's evidence the defendant moved for judgment as of nonsuit. The motion was sustained and the plaintiff appeals, assigning error.

D. Emerson Scarborough for plaintiff appellant.
Upchurch, Gwyn & Gwyn and A. Y. Arledge for defendant appellee.

DENNY, J. The appellant assigns as error the ruling of the court below in sustaining the defendant's motion for judgment as of nonsuit. She insists (1) that the case should have been submitted to the jury under the doctrine of *res ipsa loquitur*, and (2) if the doctrine of *res ipsa loquitur* does not apply, then the case should have been submitted to the jury on the ground that defendant was negligent in permitting the poplar tree to exist within the reach of its wires.

The rule with respect to the doctrine of *res ipsa loquitur*, as laid down in *Scott v. The London Docks Co.*, 159 Eng. Rep. 665, has been quoted with approval by this Court in many of our decisions as follows: "There must be reasonable evidence of negligence, but where the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care." *Saunders v. R. R.*, 185 N.C. 289, 117 S.E. 4, 29 A.L.R. 1258; *Etheridge v. Etheridge*, 222 N.C. 616, 24 S.E. 2d 477; *Boone v. Matheny*, 224 N.C. 250, 29 S.E. 2d 687; *Wyrick v. Ballard*, 224 N.C. 301, 29 S.E. 2d 900; *Edwards v. Cross*, 233 N.C. 354, 64 S.E. 2d 6; *Nance v. Hitch*, 238 N.C. 1, 76 S.E. 2d 461, 41 A.L.R. 2d 318; 38 Am. Jur., Negligence, section 295, page 989, *et seq.*

The doctrine of *res ipsa loquitur* is merely a mode of proof and when applicable it is sufficient to carry the case to the jury on the issue of negligence. However, the burden of proof on such issue remains upon the plaintiff. *Pendergraft v. Royster*, 203 N.C. 384, 166 S.E. 285; *Young v. Anchor Co.*, 239 N.C. 288, 79 S.E. 2d 785.

This Court, in discussing the doctrine of *res ipsa loquitur* in the case of *Springs v. Doll*, 197 N.C. 240, 148 S.E. 251, pointed out that "The principle does not apply: (1) when all the facts causing the accident are known and testified to by the witnesses at the trial, *Baldwin v. Smitherman*, 171 N.C. 772, 88 S.E. 854; *Orr v. Rumbough*, 172 N.C. 754, 90 S.E. 911; *Enloe v. R. R.*, 179 N.C. 83, 101 S.E. 556; (2) where more than one inference can be drawn from the evidence as to the cause of the injury, *Lamb v. Boyles*, 192 N.C. 542, 135 S.E. 464; (3) where the existence of negligent default is not the more reasonable probability, and where the proof of the occurrence without more, leaves the matter resting only in conjecture, *Dail v. Taylor*, 151 N.C. 284, 66 S.E. 135; (4) where it appears that the accident was due to a cause beyond the control of the defendant, such as the act of God or the wrongful or tortious act of a stranger, *Heffter v. Northern States Power Co.*, 217 N.W. 102 . . .; (5) when the instrumentality causing the injury is not under the exclusive control or management of the defendant, *Saunders v. R. R.*, 185 N.C. 289, 117 S.E. 4; (6) where the injury results from accident as defined and contemplated by law." *Smith v. McClung*,

201 N.C. 648, 161 S.E. 91; *Taylor v. Bd. of Education,* 206 N.C. 263, 173 S.E. 608; *Etheridge v. Etheridge, supra.*

In the last cited case it is said the doctrine of *res ipsa loquitur* "does not apply where the evidence discloses that the injury might have occurred by reason of the concurrent negligence of two or more persons, or that the accident might have happened as a result of one or more causes, or where the facts will permit an inference that it was due to a cause other than defendant's negligence as reasonably as that it was due to the negligence of the defendant, or where the supervening cause is disclosed as a positive fact—and skidding, *Springs v. Doll,* 197 N.C. 240, 148 S.E. 251, Anno. 64 A.L.R. 261, or a puncture or blowout, *Clodfelter v. Wells,* 212 N.C. 823, 195 S.E. 11; *Giddings v. Honan,* 79 A.L.R. 1215; *Ingle v. Cassady,* 208 N.C. 497, 181 S.E. 562, is such fact. Blashfield, *supra* (9, part 2), sec. 6046. When the supervening cause appears as an affirmative fact it never applies. No inference of negligence then arises from the fact of accident or injury." *Edwards v. Cross, supra; Mills v. Moore,* 219 N.C. 25, 12 S.E. 2d 661; *Austin v. R. R.,* 197 N.C. 319, 148 S.E. 446.

In the trial below the evidence offered in behalf of the plaintiff was to the effect that her injury was caused by the action of Jesse Moorefield in cutting down a tall poplar tree about 75 feet in height and 22 inches in diameter at the stump, which fell across the defendant's power line and broke or otherwise damaged the wires leading through the Moorefield farm to the McKinney house where the plaintiff lived. This evidence makes the doctrine of *res ipsa loquitur* inapplicable. *Springs v. Doll, supra.*

The cases of *Turner v. Power Co.,* 154 N.C. 131, 69 S.E. 767, 32 L.R.A. (N.S.) 848, and *McAllister v. Pryor,* 187 N.C. 832, 123 S.E. 92, 34 A.L.R. 25, and similar cases cited and relied upon by the appellant, are not controlling on the facts revealed by this record.

On the plaintiff's second contention, she insists that the defendant could have foreseen that a tree 22 inches in diameter and 75 feet high, near its power line, would some day fall, either from the woodsman's axe or from natural causes and that it would fall on its power line and likely cause damage to some person.

This Court declared in *Helms v. Power Co.,* 192 N.C. 784, 136 S.E. 9, that: "Electric companies are required to use reasonable care in the construction and maintenance of their lines and apparatus. The degree of care which will satisfy this requirement varies, of course, with the circumstances, but it must always be commensurate with the dangers involved, and where the wires maintained by a company are designed to carry a strong and powerful current of electricity, the law imposes upon the company the duty of exercising the utmost care and prudence consistent with the practical operation of its business to avoid injury

to those likely to come in contact with the wires." *Ellis v. Power Co.,* 193 N.C. 357, 137 S.E. 163; *Small v. Utilities Co.,* 200 N.C. 719, 158 S.E. 385; *Alford v. Washington,* 238 N.C. 694, 78 S.E. 2d 915.

We know of no law or decision, however, in this jurisdiction that requires a power company to cut down and remove every tree on or near its right of way, regardless of whether such tree is sound or decayed, which if cut down might possibly fall across its line. On the contrary, the right of way agreement which the plaintiff contends is applicable to the line under consideration only provides for the power company "to cut away all trees and other obstructions that might in any way endanger the proper maintenance and operation of same."

Certainly this agreement does not impose upon the power company the duty to cut down a sound tree near its line, which in no way interferes with the operation or maintenance thereof, simply because it is possible that at some future time the owner of the land, or his agent or a stranger, might cut down such tree and cause it to fall across its line. This is purely speculative.

In the case of *Deese v. Light Co.,* 234 N.C. 558, 67 S.E. 2d 751, the plaintiff's intestate, a staff sergeant in the United States Army, was home on furlough visiting his father. The defendant light company, by authority of a written easement, maintained across plaintiff's land an uninsulated tap line 18 feet or more above the ground, which line was energized with approximately 2300 volts of electric current. Plaintiff's intestate felled a tree across defendant's line and while attempting to disengage the tree from the line, he came in contact, directly or indirectly, with the line and was electrocuted. This Court sustained a judgment as of nonsuit on the ground that the action of plaintiff's intestate in cutting down a tree across the defendant's line did not constitute actionable negligence on the part of the defendant.

A power company is not required to anticipate negligence on the part of others. *Alford v. Washington, supra; Cox v. Freight Lines,* 236 N.C. 72, 72 S.E. 2d 25; *Wood v. Telephone Co.,* 228 N.C. 605, 46 S.E. 2d 717; *Montgomery v. Blades,* 222 N.C. 463, 23 S.E. 2d 844.

In our opinion the plaintiff has failed to establish actionable negligence on the part of defendant, and we so hold. The judgment as of nonsuit is

Affirmed.