**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1124**

SHAREL FARMER,

                    Plaintiff - Appellant,

          v.

EAGLE SYSTEMS AND SERVICES, INCORPORATED; DATA SOLUTIONS &
TECHNOLOGY (DST), INC.,

                    Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  W. Earl Britt, Senior
District Judge.  (5:14-cv-00403-BR)

Argued:  March 22, 2016                Decided:  July 1, 2016

Before WYNN and DIAZ, Circuit Judges, and DAVIS, Senior Circuit
Judge.

Affirmed by unpublished opinion.  Judge Wynn wrote the opinion,
in which Judge Diaz and Senior Judge Davis joined.

**ARGUED**: Ralph Thomas Bryant, Jr., Newport, North Carolina, for
Appellant.  Justin N. Davis, MULLEN HOLLAND & COOPER, P.A.,
Gastonia, North Carolina; Jang Hwan Jo, SMITH, ANDERSON, BLOUNT,
DORSETT, MITCHELL & JERNIGAN, L.L.P., Raleigh, North Carolina,
for Appellees.  **ON BRIEF**: Mario White, Clinton, North Carolina,
for Appellant.  Kerry A. Shad, SMITH, ANDERSON, BLOUNT, DORSETT,
MITCHELL & JERNIGAN, L.L.P., Raleigh, North Carolina, for
Appellee Eagle Systems and Services, Incorporated; Nancy B.

Paschall, MULLEN HOLLAND & COOPER, P.A., Gastonia, North Carolina, for Appellee Data Solutions & Technology (DST), Inc.

---

Unpublished opinions are not binding precedent in this circuit.

WYNN, Circuit Judge:

Plaintiff Sharell[1] Farmer contends that he engaged in an activity protected by the anti-retaliation provision of the False Claims Act (FCA) when, in the course of an internal investigation, he reported a single incident of theft of government property from a warehouse operated by his employers. Because Farmer's report of theft was neither "in furtherance of an action under" the FCA nor an "effort[] to stop" an FCA violation, 31 U.S.C. § 3730(h)(1), we affirm.

I.

Farmer was employed by Defendants Eagle Systems and Services, Inc. (Eagle Systems) and Data Solutions & Technology, Inc. (DST) under a joint contract, and he was supervised by DST.[2] Defendants are federal government contractors who jointly operate a supply warehouse.

In August 2012, Farmer witnessed warehouse supervisor Keith Armstrong and his assistant steal government-owned night vision goggles and convey them to a third person. A few days later, at

---

[1] According to counsel, Mr. Farmer's first name is "Sharell." The first name was initially misspelled in the complaint, and an amended complaint was filed specifically to correct the error. The lower court docket was never corrected to reflect the change, however.

[2] We accept the facts Farmer alleged in his amended complaint as true and draw reasonable inferences in his favor in reviewing this dismissal for failure to state a claim. See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 440 (4th Cir. 2011).

the request of Eagle Systems Project Manager Roy Fischel, Farmer wrote a statement reporting the theft he had witnessed. After receiving the report, Fischel disclosed Armstrong—the supervisor who had committed the theft—the contents of the report and that Farmer had authored it.

From then until the day Farmer left his employment, he suffered "persistent and numerous incidences of retaliation, ridicule, threats, intimidation and harassment." J.A. 5. His supervisors isolated him from all other employees, stared at him threateningly, and issued numerous disciplinary write-ups to him "for frivolous and baseless reasons." J.A. 6–7. Although Farmer tried to get help from the Eagle Systems and DST management teams regarding the mistreatment, they did not intervene to stop it. Farmer eventually found this working environment unbearable and left his job in April 2013.

In July 2014, Farmer filed a complaint alleging, inter alia, that Defendants violated the anti-retaliation provision of the FCA.[3] Defendants filed motions to dismiss under Federal Rule

_____

[3] Farmer also brought a claim for breach of non-delegable duty under North Carolina common law, a negligence claim under North Carolina common law, and a North Carolina civil conspiracy claim. Farmer consented below to the dismissal of the breach of non-delegable duty claim. On appeal, we affirm the district court's dismissal of Farmer's negligence claim because Farmer has not cited, and we are not aware of, any North Carolina case articulating a duty to keep an employee's identity confidential during internal investigations—the conduct undergirding this

4

of Civil Procedure 12(b)(6). The district court granted the motions and dismissed Farmer's claims, mainly on the ground that the reported theft was not a protected activity under the FCA's anti-retaliation provision. Farmer timely appealed.

## II.

We review a district court's dismissal for failure to state a claim de novo. U.S. ex rel. Rostholder v. Omnicare, Inc., 745 F.3d 694, 700 (4th Cir. 2014). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).[4]

---

claim in Farmer's complaint. Moreover, the duty of reasonable care generally applies when an individual's conduct creates a risk of "injury to the person or property of the other," which cannot be inferred here. See Estate of Mullis by Dixon v. Monroe Oil Co., 505 S.E.2d 131, 137 (N.C. 1998) (quoting Dail v. Taylor, 66 S.E. 135, 136 (N.C. 1909)); see also Restatement (Third) of Torts: Phys. & Emot. Harm § 7(a) ("An actor ordinarily has a duty to exercise reasonable care when the actor's conduct creates a risk of physical harm." (emphasis added)). We also affirm the district court's dismissal of Farmer's civil conspiracy claim because, as Farmer concedes, North Carolina law does not recognize such a claim as an independent cause of action, see Toomer v. Garrett, 574 S.E.2d 76, 92 (N.C. Ct. App. 2002), and Farmer's civil conspiracy claim thus rises and falls with his FCA claim.

[4] To state a claim under the FCA's anti-retaliation provision, a plaintiff need only satisfy the notice-pleading standard under Rule 8(a) of the Federal Rules of Civil Procedure, not the heightened pleading standard of Rule 9(b).

5

Congress passed the FCA to discourage fraud against the federal government by contractors.  See Glynn v. EDO Corp., 710 F.3d 209, 213 (4th Cir. 2013).  To that end, the statute includes an anti-retaliation provision to protect whistleblowers.  Id. at 214.  That provision prohibits retaliation against "lawful acts done . . . in furtherance of an action" under the FCA, and thanks to a 2009 amendment, the provision also protects "other efforts to stop 1 or more violations of" the FCA.  31 U.S.C. § 3730(h)(1); see Young v. CHS Middle E., LLC, 611 F. App'x 130, 132–3 (4th Cir. 2015) (unpublished).  To bring a successful claim under the anti-retaliation provision, a plaintiff must show three elements: "(1) he engaged in protected activity, (2) the employer knew about the activity, and (3) the employer took adverse action against him as a result."  Smith v. Clark/Smoot/Russell, 796 F.3d 424, 433 (4th Cir. 2015).

At the heart of this appeal is the "protected activity" element.  This Court has held that an act is protected under the FCA when it "reasonably could lead to a viable FCA action." Mann v. Heckler & Koch Def., Inc., 630 F.3d 338, 344 (4th Cir. 2010) (quoting Eberhardt v. Integrated Design & Constr., Inc.,

---

See Smith v. Clark/Smoot/Russell, 796 F.3d 424, 433 (4th Cir. 2015).

6

167 F.3d 861, 869 (4th Cir. 1999)). Although this Court has not yet articulated the precise scope of FCA-protected activity in light of the 2009 "efforts to stop" amendment, see Smith, 796 F.3d at 434,[5] it is unnecessary to do so here. It is clear that a single report of theft, without any facts suggesting an underlying fraud, is not plausibly an act "in furtherance of an action under" the FCA or an "effort[] to stop" an FCA violation. 31 U.S.C. § 3730(h)(1).

Farmer does not argue, nor could he, that the underlying theft he reported was an FCA violation. See 31 U.S.C. § 3729(a)(1). However, Farmer invites us to consider how his report of the theft might have indirectly prevented future fraudulent deliveries to the government. While the speculative connection Farmer seeks to draw between his report, tighter inventory controls, and the eventual prevention of an FCA violation is perhaps possible, Farmer has alleged no facts making that attenuated connection plausible. See Iqbal, 556 U.S. at 678. In fact, Farmer's complaint indicates only that an Eagle Systems manager required him to write a statement

_____

[5] Circuit courts have adopted different approaches to the "protected activity" element in light of the 2009 amendment. Compare Schell v. Bluebird Media, LLC, 787 F.3d 1179, 1187 (8th Cir. 2015) (applying the same pre-2009 protected activity test), with Halasa v. ITT Educ. Servs., Inc., 690 F.3d 844, 847–48 (7th Cir. 2012) (suggesting that the amended FCA anti-retaliation provision adds a new category of protected activities).

reporting the theft and that he complied.  The complaint does not allege facts that can plausibly demonstrate that he acted "in furtherance of an action under" the FCA or undertook any "efforts to stop" an FCA violation.  31 U.S.C. § 3730(h)(1).

### III.

Even accepting all alleged facts as true and drawing all reasonable inferences in Farmer's favor, we cannot conclude that Farmer's activity here was protected by the FCA.  Therefore, we affirm the judgment.

AFFIRMED