This suit was instituted for the recovery of damages for personal injury sustained by plaintiff on or about 3 December, 1931. She alleged that "on said date, while standing in her bedroom on the second floor of her house at a point not far from her doorway, with the intention at the moment of going down stairs to her evening meal, the light in plaintiff's bedroom went out; that the plaintiff did not know at this time that the lights were off throughout the entire house, but thought that the electric light bulb in her room had probably burned out; that the plaintiff proceeded to a doorway, thus carrying out her intention of going down stairs, and when she reached her said doorway, which is at the head of the stairway, and was about to begin her descent of the stairs, she then became aware of the fact that all of the lights in her home, including the light which lighted the stairsteps were out; . . . that all of the lights in her home were extinguished and permitted to go out by the negligence of the defendant, Carolina Power and Light Company, as a result of the defendant's violation of its duty in failing and neglecting to keep its wires and other equipment in proper condition and repair, thereby leaving the entire household in complete darkness." Plaintiff further alleged that such negligence was the cause of her fall and injury.
Plaintiff testified: "I had laid my work down and had decided to go down stairs at that time to the evening meal . . . when the lights went out in my room. I did not know the lights were out all over the house. I decided there was some little something wrong with my globe. . . . I had made up my mind to go down, just started on to the door. I am familiar with all the furniture and objects in my bedroom. . . . When I learned that the lights were out which lighted the stairway and the house outside my room, I had gone out of my room to the stairway which is right at the head of my room, right at the door of my room. . . . When I got to the door I saw the lights were off, but I was right at the head of the stairs. I just put my hand on the railing post, and undertook to go down the steps. The way didn't appear dangerous to me, as I felt that I knew the way down. I just put my hands on the railing and went down, but I lacked one step before stepping on the platform or landing. I stepped over that step, thinking I was on the landing, that one step I lacked is what threw me against the wall. . . . I thought I had reached the landing when I lacked that one step being on the landing. . . . The reason I fell was because I thought I was on the bottom when I really was not." The evidence tended to show that the plaintiff received painful injuries, and that she was a customer of defendant by virtue of the fact that the defendant was undertaking to furnish lights to the residence of plaintiff and other citizens of the community. *Page 34 
There is no evidence as to why the lights went out.
The cause was tried in the county court, and was nonsuited. Upon appeal to the Superior Court a judgment of nonsuit was affirmed, and the plaintiff appealed.
As the plaintiff starts down the stairs of her home for supper, the lights go out. She reaches the side of the stairway and immediately becomes aware of the fact that none of the lights in the house are burning. Notwithstanding she undertakes to go down stairs in the dark, misses her step, falls and is injured. She said: "The reason I fell was because I thought I was on the bottom when really I wasn't." The plaintiff relies upon res ipsa loquitur to make out a case. This principle has no application "when all the facts causing the accident are known and testified to by the witness at the trial." Springs v. Doll, 197 N.C. 240,148 S.E. 251. Consequently the judgment is correct.
Affirmed.