**ALEXANDER v. COREY.**

No. A–6562.

United States District Court
D. Alaska. Third Division.

Aug. 14, 1951.

McCutcheon & Nesbett, Anchorage, Alaska, for plaintiff.

Davis & Renfrew, Anchorage, Alaska, for defendant.

FOLTA, District Judge.

■ Plaintiff seeks to recover damages for personal injuries sustained when an automobile driven by the defendant ran off the highway and crashed into the ditch. Plaintiff alleges that he was a passenger. Defendant contends that he was a guest. Since the standard of care is the same in either case, I find it unnecessary to pass upon this contention.

■ The plaintiff testified that, immediately before the accident, the car was being driven on a portion of the highway which had been scraped but a short time previously; that this scraping operation, as is usual, left a ridge of loose gravel on either side of the highway; that a car approached at a high rate of speed from the opposite direction; that in order to pass this car, defendant turned from his course so that the right wheels crossed the ridge on the right side of the highway; that in attempting to recross, the car suddenly darted across the highway and plunged into the ditch in the opposite side with such force that both plaintiff and defendant were thrown through the windshield and injured.

The plaintiff's version was not contradicted by the defendant in any material respect, nor was the defendant able to explain why he failed to control the car in its course across the highway. Defendant, however, was uncertain whether the right wheels had passed over the gravel ridge referred to or whether the right wheels, or one of them, were running upon or along the ridge when the car got out of control. But as I view the situation, the precise position of the car with reference to the ridge is of no importance, for if the car skidded in gravel, which the defendant knew was there, it would be quite immaterial whether the skidding was due to excessive speed or the application of too much power while in the gravel. In either event it would be negligence, and whether the car's plunge across the highway and into the ditch was due to skidding or to loss of control, the defendant would be liable, in the one case for a specific act of negligence and in the other under the doctrine of res ipsa loquitur.

■ On behalf of the defendant, however, it is contended that the doctrine of res ipsa loquitur is not applicable because the defendant has offered an explanation of the accident. But all that the defendant has offered is a mere statement of the accident, such as could be made by any bystander or victim. In fact, it adds nothing to the testimony of the plaintiff on that point.

■■ The defendant also contends that he was confronted with a sudden emergency by the approach of the other car at a high rate of speed. Aside from the fact that it is common knowledge that when a ridge of gravel is left on the berm by scraping operation, there is always adequate room for passing between the ridges, the conclusive answer to this contention is that, assuming that this constituted an emergency, it ended with the passing of the cars and thereafter the defendant was in no imminent peril from any source and had unlimited time to reenter the scraped portion of the highway.

In my opinion, the only reasonable inference from the evidence is that in turning to avoid the approaching car, both right wheels of defendant's car crossed the ridge of gravel and that upon attempting to reenter the scraped portion of the highway, there was no difficulty in recrossing the ridge with the right front wheel because power and traction are in the rear wheels which were then on firm ground, but that when the right rear wheel came in contact with the loose gravel, a braking effect took place which tended to swing the front end of the car to the right and to bring it to a stop; that in counteracting this tendency, the defendant turned the steering wheel to the left and applied so much power that the right rear wheel began to spin in the gravel; that when it worked itself out of the gravel and again came in contact with firm ground, the traction resulted in such a burst of speed that with the front wheels cramped too far to the left, the defendant did not have time to straighten out the car on its course.

Upon a review of the evidence, I am convinced that the defendant not only failed in his duty to have the car under control, but that he has offered no explanation such as would relieve him from the application of the doctrine of res ipsa loquitur. Cf. Andruss v. Nieto, 9 Cir., 112 F.2d 250; Ralston v. Dossey, 289 Ky. 40, 157 S.W.2d 739.

Springs v. Doll, 197 N.C. 240, 148 S.E. 251 and Liggett & Myers Tobacco Co. v. DeParcq, 8 Cir., 66 F.2d 678, cited by defendant, are distinguishable on the facts. In the first case the car was not operated at an excessive speed and the cause of the skidding was not visible. Here the gravel was visible and the evidence shows that the defendant was either attempting to recross the ridge at too great a speed or applied an excess of power. The second case is distinguishable from the case at bar by the fact that there the Court found that the driver was confronted with an emergency.

I find that the plaintiff expended $148 for medical and hospital services and $96 for dental services and will require dentures costing $350. I also find that $750 would be a reasonable and fair compensation for the pain and suffering endured by the plaintiff. I further find that the plaintiff failed to prove by a preponderance of the evidence any loss of earnings. From the foregoing, I conclude that the plaintiff is entitled to recover $1344 and $250 for attorney fees.